LEHAN, Judge.
The state has filed a petition for a writ of certiorari from the order of the circuit court which reversed a county court order denying a motion to suppress a blood alcohol test.
Defendant was charged by traffic citation with driving with an unlawful blood alcohol level contrary to section 316.193, Florida Statutes (1983). A police officer had found defendant standing next to his wrecked car. The car was resting upside down against a power pole next to a highway. The defendant had bloodshot eyes and an odor of alcohol, was leaning on the car for support, and was generally incoherent. Defendant was not arrested at the scene, but, at his request, was taken by paramedics to a hospital.
After being advised by a police officer at the hospital of his Miranda rights, defendant said, “I’m drunk, I’m drunk, I’m drunk. I’m going to jail.” The officer then described the implied consent law to defendant and told defendant he was not going to arrest defendant at that time and that, if defendant agreed to take the blood test, the officer would let defendant go home. Defendant then consented to the test. Defendant was arrested on the charge several days later.
In county court defendant moved to suppress the results of the blood test on the grounds, inter alia, that his consent to the test was coerced and that the admission of the results would violate his rights under the Fourth and Fifth Amendments to the U.S. Constitution. The county court denied the motion to suppress, and defendant pleaded nolo contendere, reserving his right to appeal the denial of the motion to suppress.
On appeal, the circuit court found that defendant’s consent to the blood test was tainted and not voluntary because it was induced by the police officer’s promise that defendant could go home if he took the test. The circuit court reversed and remanded with instructions to grant the motion to suppress.
The circuit court based its reversal on lack of voluntary consent by defendant to the blood test. However, the Florida Supreme Court appears to have held that consent is irrelevant when it said “[t]here is no federal or state constitutional prohibition against the admissibility of this type of blood alcohol test in either civil or criminal proceedings. The law is clear that the taking of a blood sample is not a violation of the fourth amendment; nor is it a communication which violates the fifth amend *1032 ment.” Brackin v. Boles, 452 So.2d 540, 542-43 (Fla.1984). Even to the extent it can be argued that such a blood test is not free from Fourth Amendment constraints, see Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Filman v. State, 336 So.2d 586, 592-98 (Fla.1976) (Hatchett, J., dissenting), there were in this case exigent circumstances and probable cause sufficient to constitute an exception to the Fourth Amendment’s exclusionary rule. Filmon v. State, 336 So.2d at 592-98. In addition, we cannot say there was insufficient evidence to support the county court’s factual determination that valid consent existed.
The order of the circuit court is vacated.
GRIMES, A.C.J., and FRANK, J., concur.