611 So.2d 1260 (1992)
Timothy FREEMAN, Dani Enix, Christopher Gordon, Mary R. Kinkle, Denise Lindemann, Jeanette McMorris, David Neason, Jim Onitveros, David Rabassi, David A. Rose and Gary Espey, Petitioners,
v.
STATE of Florida, Respondent.
No. 92-01843.
District Court of Appeal of Florida, Second District.
November 6, 1992.
Rehearing Denied January 21, 1993.
*1261 Robert E. Jagger, Public Defender, and William F. Ebsary, Jr., Asst. Public Defender, New Port Richey, for petitioners.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
The petitioners have filed a petition for writ of certiorari seeking review of the denial of their appeal by the circuit court. The circuit court affirmed the denial of the petitioners' motions to dismiss their driving under the influence convictions on double jeopardy grounds. We deny the petition.
Each of the petitioners was stopped by law enforcement officers for driving under the influence of alcohol, each submitted to a breathalyzer test, and the blood alcohol of each was at a level exceeding .10%. The petitioners were charged with Driving Under the Influence and also had their drivers license seized by their arresting officer pursuant to section 322.2615, Florida Statutes (1991).
Motions to dismiss were filed in county court by the petitioners in which they argued that the suspension of their driving privileges for the same conduct alleged in the criminal charges for driving under the influence violates the constitutional prohibition against double punishment. The county court denied the petitioners' motions to suppress, and on appeal the circuit court affirmed.
The Fifth Amendment's Double Jeopardy Clause precludes multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Relying on Halper, the petitioners argued that the purpose of the roadside license suspension is punitive and so jeopardy attached before the state prosecuted the criminal charges of driving under the influence.
In Halper, the Supreme Court addressed under what circumstances a civil penalty may constitute punishment for the purpose of the Double Jeopardy Clause. The Court held that in order to uphold the civil sanction as remedial the sanction had to bear a rational relation to the goal of compensating the government for its actual loss.
A driver's license suspension for refusal to take a chemical test is not remedial in the sense meant by the Halper decision. See Ellis v. Pierce, 230 Cal. App.3d 1557, 282 Cal. Rptr. 93 (Cal. App. 1 Dist., 1991). However, neither is it punitive. In Florida, it is clear that the purpose of the statute providing for revocation of a driver's license upon conviction of a licensee for driving while intoxicated is to provide an administrative remedy for public protection and not for punishment of the offender. Smith v. City of Gainesville, 93 So.2d 105 (Fla. 1957).
Accordingly, we find that the circuit court correctly applied Smith v. City of Gainesville and did not depart from the essential requirements of law. The petition for writ of certiorari is denied.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.