625 So.2d 88 (1993)
STATE of Florida, Appellee,
v.
Walter Joseph KNOWLES, Appellee.
No. 92-3059.
District Court of Appeal of Florida, Fifth District.
October 1, 1993.
*89 Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for State.
John R. Vitola, Law Offices of John R. Vitola, Brooksville, for Walter J. Knowles.
W. SHARP, Judge.
The state appeals from the county court's order which dismissed a DUI charge[1] pending against Knowles. Knowles had paid a traffic fine for a civil traffic infraction (failure to drive within a single lane)[2] arising out of the same incident which produced the criminal charge. The court posed to us the following question as one of great public importance, and we accepted jurisdiction.[3]
WHETHER THE DOUBLE JEOPARDY CLAUSE BARS TRIAL OF AN OFFENDER ON A CRIMINAL TRAFFIC OFFENSE WHERE THE OFFENDER HAS PREVIOUSLY ENTERED A PLEA OF GUILTY TO A TRAFFIC INFRACTION ON WHICH THE STATE WILL RELY TO PROVE CONDUCT IN THE CRIMINAL TRAFFIC OFFENSE.
In the context of this case, we answer the question in the negative and reverse.
The facts are not in dispute. On August 11, 1992, Knowles received a traffic citation for failure to drive in a single lane in violation of section 316.089,[4] Florida Statutes *90 (1989). He also was charged with driving under the influence pursuant to section 316.193.[5] Thereafter, Knowles paid the traffic citation given for failure to drive in a single lane. Defense counsel moved to dismiss the DUI charge based on the fact that Knowles had paid his traffic infraction and therefore double jeopardy principles barred prosecution of the DUI offense.
The order of dismissal concludes that in pleading to the civil traffic infraction, Knowles admitted an essential fact necessary for proof of the DUI charge: that Knowles was in control of the vehicle for both offenses. Thus, Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) bars the subsequent criminal prosecution. The order notes that characterization of the two proceedings as civil or criminal is not a determinative factor for purposes of double jeopardy analysis. See United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).
In determining whether a civil sanction constitutes criminal punishment, the purpose actually served by the sanction in question must be ascertained. The judge concluded that the fine imposed on civil infractions in Florida is for the purpose of punishment. This conclusion was based on the following: (a) the term "penalty" is used in Florida Statutes and Traffic Court Rules; (b) in the past, most infractions were criminal offenses; (c) the burden of proof in traffic offenses is beyond a reasonable doubt (§ 318.14(6)); and (d) if a defendant refuses to sign a traffic citation, he can be arrested and prosecuted for a separate criminal offense.
We do not need to reach the double jeopardy issue in this case because we do not think the civil traffic citation and resulting fine imposed of $57.00 in this case is penal or punishment within the meaning of Halper.[6] Florida Rule Traffic Procedure 6.040(i) provides that a criminal traffic offense means a violation that may subject a defendant upon conviction to incarceration. The word "infraction" means a noncriminal traffic offense that is not punishable by incarceration, and for which there is no right to court-appointed counsel or a jury trial. Rule 6.040(l); § 318.13(3), Fla. Stat. (1991); 4 Fla.Jur.2d § 130 at 470. In addition, section 775.08, Florida Statutes (1991) provides that:
(3) The term "noncriminal violation" shall mean any offense that is punishable under the laws of this state ... by no other penalty than a fine, forfeiture, or other civil penalty. A noncriminal violation does not constitute a crime, and conviction for a noncriminal violation shall not give rise to any legal disability based on a criminal offense. The term "noncriminal violation" shall not mean any conviction for any violation of any municipal or county ordinance... .
Failure to stay within a single lane, section 316.089, does not provide for either fine or imprisonment; and it is not a misdemeanor. In contrast, section 316.193(1) provides for imprisonment and arrest as well as for a specific fine, for driving under the influence of alcoholic beverages, and it is a first degree *91 misdemeanor. Deviney v. State, 579 So.2d 373 (Fla. 4th DCA 1991); Miller v. State, 442 So.2d 419 (Fla. 4th DCA 1983). Moreover, criminal fines and costs are authorized by statute[7] and are not imposed for traffic infractions, lending further support to a finding that the Legislature did not intend for traffic infractions to be criminal.
But as the lower court recognized, the issue is not whether the traffic infraction is denominated civil or criminal. The issue is whether it constitutes punishment. Civil as well as criminal proceedings may constitute "punishment" for double jeopardy purposes, when the sanction as applied in individual cases is so disproportionate to the government's damages that it serves the goal of punishment. Halper. The lower court concluded, however, that the fine imposed for this infraction constituted punishment, based upon a narrow construction of Halper, which ignored that portion of the opinion which speaks to excessiveness and disproportionateness. In this the lower court erred.
In United States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980), the Court set forth a two-prong test to determine if a penalty was civil or criminal (and punitive) in nature. The first inquiry is what the intent of the Legislature was  civil or criminal. Here, it is clear that the Legislature intended the failure to maintain a single lane statute to be civil in nature. The statute does not provide for incarceration and is not a felony or misdemeanor. If the intent is civil, the next inquiry is whether the penalty was so punitive as to negate that intent. See also Halper.
Kennedy v. Mendoza-Martinez, 372 U.S. 144, 167-170, 83 S.Ct. 554, 567-568, 9 L.Ed.2d 644 (1963), lists seven factors to be considered in determining if a statutorily imposed penalty is punitive, but they are neither exhaustive nor dispositive. Ward. They are:
(1) whether the sanction involves an affirmative disability or restraint;
(2) whether it has historically been regarded as a punishment;
(3) whether it comes into play only on a finding of scienter;
(4) whether its operation will promote the traditional aims of punishment  retribution and deterrence;
(5) whether the behavior to which it applies is already a crime;
(6) whether an alternative purpose to which it may rationally be connected is assignable for it; and
(7) whether it appears excessive in relation to the alternative purpose assigned.
In this case, the traffic fine paid by Knowles does not involve a disability or restraint. No finding of scienter is required, and its operation does not promote the traditional aims of punishment  retribution and deterrence. Most traffic infractions are not otherwise a crime, and an alternative purpose, for example, is to reduce accidents by safe driving.
Even if we concluded the civil traffic infraction imposed a "penalty" on Knowles, we could only uphold the county court's double jeopardy analysis by applying Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), that proof of the "same conduct" cannot be twice used to penalize a defendant in succeeding proceedings. In the first place, we question whether the "same conduct" or proof is necessarily involved in these two proceedings. The record is insufficient to determine how the state intended to prove the DUI offense. The state argues it was not going to rely on Knowles' straying out of the single lane to prove the DUI. Perhaps it sought to prove the DUI offense through test results.
The lower court found a double jeopardy violation existed because Knowles was in control of the vehicle for both offenses. However, section 316.193 is phrased in the disjunctive. One may violate it by driving or being in physical control of the vehicle. Obviously Knowles was driving the vehicle when he failed to stay within the line. But after he was stopped by the officer, he was no longer driving the vehicle, but still had physical control of it. This conduct could have established *92 the DUI offense had Grady been applicable.[8]
However, after the county court certified this question to this court, Grady was overruled in U.S. v. Dixon, ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Dixon appears to have retreated from the test of barring proof of the same conduct in successive prosecutions, and has re-embraced the traditional "Blockburger" test. Clearly the two "offenses" in this case do not meet the Blockburger test. Thus, there is no basis in this case to impose a double jeopardy bar to the prosecution of the DUI charge. Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); § 775.021(4), Fla. Stat. (1991). We answer the question "no" and reverse and remand.
REVERSE and REMAND.
THOMPSON, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially.
I concur because I agree Dixon, cited in the majority opinion, applies. I cannot concur otherwise.
NOTES
[1] § 316.193, Fla. Stat. (1991).
[2] § 316.089, Fla. Stat. (1991).
[3] Fla.R.App.P. 9.160.
[4] Section 316.089, Florida Statutes (1991) provides:

316.089 Driving on roadways laned for traffic. 
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
(2) Upon a roadway which is divided into three lanes and provides for two-way movement of traffic, a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle traveling in the same direction when such center lane is clear of traffic within a safe distance, when in preparation for making a left turn, or where such center lane is at the time allocated exclusively to traffic moving in the same direction that the vehicle is proceeding and such allocation is designated by official traffic control devices.
(3) Official traffic control devices may be erected directing specified traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway; and drivers of vehicles shall obey the directions of every such device.
(4) Official traffic control devices may be installed prohibiting the changing of lanes on sections of roadway, and drivers of vehicles shall obey the directions of every such device.
[5] Section 316.193, Florida Statutes (1991) provides:

316.193 Driving under the influence; penalties. 
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired; or
(b) The person has a blood or breath alcohol level of 0.10 percent or higher. (emphasis supplied)
[6] Section 318.18 sets forth civil fines permissible in such cases, and we cannot say that the fine imposed in this case violates that statute.
[7] See, e.g., §§ 943.25(3) and (13), 960.20 and 960.25, Fla. Stat. (1991).
[8] For example, one may be under physical control of a vehicle while asleep in the front seat, Mitchell v. State, 538 So.2d 106 (Fla. 4th DCA 1989); Griffin v. State, 457 So.2d 1070 (Fla. 2d DCA 1984); or standing next to a wrecked vehicle, State v. McGarry, 477 So.2d 1030 (Fla. 2d DCA 1985).