THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KIMBERLY MILLER, Defendant-Appellant.

Second District   No. 2—92—0040

Opinion filed January 6, 1994.

Lawrence D. Wechter, of Durrenberger & Wechter, P.C., of Batavia, for appellant.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

In this case we must decide whether the doctrine of double jeopardy prevents the State from prosecuting defendant, Kimberly Miller, for the unlawful possession of a stolen motor vehicle after it had previously prosecuted her for the improper use of a vehicle registration.

The record reveals the following facts. On July 26, 1991, Officer Carl Ensign of the Batavia police department made an investigatory stop of defendant's vehicle because the vehicle had no rear licence plate light. After running a computer check of the vehicle's registration, he determined that the registration displayed on the vehicle was invalid because it had been issued for a different vehicle. He then ran a computer check of the vehicle's identification number and discovered that the vehicle had been stolen. He then arrested defendant. He issued to defendant traffic citations for the improper use of a vehicle registration (Ill. Rev. Stat. 1989, ch. 95½, par. 3—703 (now 625 ILCS 5/3—703 (West 1992))) and for driving a car with no rear registration plate light (Ill. Rev. Stat. 1989, ch. 95½, par. 12—201(c) (now 625 ILCS 5/12—201(c) (West 1992))). On July 27, 1991, the State charged defendant with the unlawful possession of a stolen motor vehicle (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(a)(1) (now codified as amended 625 ILCS 5/4—103(a)(1) (West 1992))).

On September 23, 1991, pursuant to an agreement with the State, defendant stipulated to the improper use of a vehicle registration. The trial court imposed a fine and continued the cause under supervision. The State voluntarily dismissed the other traffic charge with leave to refile it. The State proceeded on the possession of a stolen motor vehicle charge.

Defendant then moved to dismiss the unlawful possession of a stolen motor vehicle charge. According to defendant, prosecuting that charge constituted double jeopardy because she had already been placed in jeopardy for the same offense when she stipulated to the improper use of a vehicle registration. The trial court denied defendant's motion. The trial court found that neither *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180, nor *Grady v. Corbin* (1990), 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084, prevented the State from prosecuting defendant for the unlawful possession of a stolen motor vehicle. Defendant appealed that decision pursuant to Supreme Court Rule 604(f), which authorizes a defendant to appeal the trial court's denial of her motion to dismiss on the grounds of former jeopardy. 134 Ill. 2d R. 604(f).

■■ ■ We recently encountered a similar issue in *People v. Mauricio* (1993), 249 Ill. App. 3d 904. In that case, we discussed the relevant law on double jeopardy as follows:

"The fifth amendment [to the United States Constitution] provides, in part, that no person shall be 'subject for the same offence to be twice put in jeopardy of life or limb.' (U.S. Const., amend. V.) [The Illinois Constitution contains a similar provision. (Ill. Const. 1970, art. I, §10.)] The double jeopardy clause protects a defendant from: (1) a second prosecution after acquittal; (2) a second prosecution after conviction; and (3) multiple punishments for the same offense. *People v. Stefan* (1992), 146 Ill. 2d 324, 333.

The Supreme Court has long held that the State cannot prosecute a defendant in successive prosecutions for the same criminal act under different statutes unless each statute 'requires proof of an additional fact which the other does not.' (*Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182.) The *Blockburger* test focuses on the statutory elements of each offense. (*People v. Hoskinson* (1990), 201 Ill. App. 3d 411, 412.) *Blockburger* prohibits a second prosecution for the same criminal act if one offense has identical statutory elements or is a lesser-included offense of the other. (*People v. Astorga* (1993), 245 Ill. App. 3d 124, 127.) For example, the State was precluded from prosecuting a defendant for auto theft after the State had already prosecuted that defendant for joyriding, where joyriding was a lesser-included offense of auto theft. *Brown v. Ohio* (1977), 432 U.S. 161, 166-67, 53 L. Ed. 2d 187, 195, 97 S. Ct. 2221, 2226.

In *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912, defendant was convicted of felony murder for participating in an armed robbery in which the victim was killed. In a *per curiam* opinion, the Court held that a subsequent prosecution of defendant for the same armed robbery would constitute double jeopardy. (*Harris*, 433 U.S. at 682, 53 L. Ed. 2d at 1056, 97 S. Ct. at 2913.) Although robbery was not necessarily an element of felony murder because 'other felonies could underlie a felony-murder prosecution,' robbery was a 'species of lesser-included offense' of felony murder. *Illinois v. Vitale* (1980), 447 U.S. 410, 420, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267, interpreting *Harris*, 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912.

In *Grady v. Corbin* (1990), 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084, the Court determined that ' "[t]he *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense.' " (*Grady*, 495 U.S. at 519, 109 L. Ed. 2d at 563, 110 S. Ct. at 2092, quoting *Brown v. Ohio* (1977), 432 U.S. 161, 166-67 n.6, 53 L. Ed. 2d 187, 195 n.6, 97 S. Ct. 2221, 2226 n.6.) According to the Court, 'a technical comparison of the elements of the two offenses as required by *Blockburger* does not protect defendants sufficiently from the burdens of multiple trials.' (*Grady*, 495 U.S. at 520, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.) '[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted.' (Emphasis added.) *Grady*, 495 U.S. at 521, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093." *Mauricio*, 249 Ill. App. 3d at 906-07.

Defendant concedes that the improper use of a registration and the unlawful possession of a stolen motor vehicle each contain elements that the other does not. Defendant thus concedes that *Blockburger* does not prohibit the State from prosecuting her for the unlawful possession of a stolen motor vehicle. Defendant argues, however, that in prosecuting defendant for the unlawful possession of a stolen motor vehicle, "the State would be required to show the defendant's operation of the *** automobile at the same time and place as was the subject of the traffic citations." According to defendant, therefore, *Grady* prohibits the second prosecution.

After defendant filed her appeal in this case, the Supreme Court overruled *Grady* in *United States v. Dixon* (1993), 509 U.S. ___, 125 L. Ed. 2d 556, 113 S. Ct. 2849. *Mauricio*, citing *Dixon*, states:

"[T]he *Blockburger* test, as interpreted by *Harris, Brown*, and *Vitale*, governs what constitutes the same offense for double jeopardy purposes. (*Dixon*, 509 U.S. at ___, 125 L. Ed. 2d at 572-73, 113 S. Ct. at 2859-60.) Under *Dixon*, the sole guide to evaluating whether offenses are the same for the purposes of double jeopardy is the statutory definition of each offense. *Dixon* eliminates any inquiry into the conduct giving rise to the offenses." (*Mauricio*, 249 Ill. App. 3d at 908.)

We therefore need not consider whether the improper use of a vehicle registration and the unlawful possession of a stolen motor vehicle constitute the same offense under *Grady*. *Dixon* precludes any analysis

of whether the State must prove the same conduct that formed the basis of an earlier prosecution.

■ Furthermore, we agree with the State and with defendant that the prosecution for the unlawful possession of a stolen motor vehicle does not constitute double jeopardy under *Blockburger*. In order to prove that defendant committed the improper use of a vehicle registration, the State must prove that defendant displayed "upon a vehicle [a] registration card, registration sticker, registration plate or other evidences of proper registration not issued for such vehicle." (Ill. Rev. Stat. 1989, ch. 95½, par. 3—703 (now 625 ILCS 5/3—703 (West 1992).) In order to prove that defendant committed the unlawful possession of a stolen motor vehicle, the State must prove that defendant possessed a motor vehicle which she knew was stolen. (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(a)(1) (now codified as amended 625 ILCS 5/4—103(a)(1) (West 1992)).) It is apparent that each of these offenses contains statutory elements that the other does not.

In light of the Supreme Court's decision in *Dixon*, which was issued after the briefs in this case were filed, we allowed defendant's motion to file a supplemental brief. In her supplemental brief, defendant contends that *Dixon* should not be applied retroactively. She argues that since the decision in *Dixon* would restrict rather than expand her constitutional right not to be placed in double jeopardy, retroactive application of *Dixon* would violate her Federal and State constitutional rights to due process of law, equal protection and her right to be free from the application of *ex post facto* laws.

In *Griffith v. Kentucky* (1987), 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708, the defendant sought retroactive application of *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (defendant could establish a *prima facie* case of racial discrimination violative of the fourteenth amendment based upon the prosecution's use of peremptory challenges to strike members of the defendant's race from the jury venire). The Supreme Court held that a new rule for the conduct of criminal prosecutions was to be applied retroactively to all cases, State or Federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past. *Griffith*, 479 U.S. at 328, 93 L. Ed. 2d at 661, 107 S. Ct. at 716.

Defendant cites *People v. Martin* (1992), 240 Ill. App. 3d 260. In that case, the court held that as a general rule in Illinois a decision will be applied retroactively unless the court expressly declares that its decision is a clear break with the past, such as when a court *explicitly overrules its own past precedent*, disapproves a practice that

it has previously approved, or overturns a well-established body of lower court authority. (*Martin*, 240 Ill. App. 3d at 265; see also *People v. Phillips* (1991), 219 Ill. App. 3d 877.) However, both of those cases involved court interpretation of Illinois law, not constitutional issues. Moreover, as stated above, this court has already applied *Dixon* retroactively in *Mauricio*, thus making *Mauricio* the precedent.

Defendant also argues that *Griffith*'s rule on retroactivity applies only to decisions expanding a defendant's rights. In *People v. Smith* (1983), 95 Ill. 2d 412, our supreme court upheld the search of Smith's vehicle pursuant to *United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157, even though Smith's conduct had occurred prior to the time *Ross* was decided. Defendant attempts to distinguish *Smith* on the basis that Smith did not have a legitimate reliance interest in the former law and never raised the argument that his State or Federal constitutional rights would be violated by the retroactive application of *Ross* while his case was pending on appeal. However, the supreme court did not make Smith's reliance on the prior law a basis for applying *Ross* retroactively, and Smith specifically argued that because the search in his case occurred before *Ross* was decided, it should not be applied to his case.

Defendant also argues that *Griffith* is limited to procedural rules, not substantive matters. The Court in *Griffith* stated that "a new rule for the *conduct* of criminal prosecutions is to be applied retroactively." (Emphasis added.) (*Griffith*, 479 U.S. at 328, 93 L. Ed. 2d at 661, 107 S. Ct. at 716.) We do not believe that by this statement the Supreme Court intended a distinction between matters of substance and procedure in the application of the retroactivity rule. Moreover, we do not view *Griffith* as a case involving a question of procedure inasmuch as it involved Griffith's right to a jury trial as guaranteed by the fourteenth amendment just as this defendant's right not to be subjected to double jeopardy is guaranteed by that same amendment.

Defendant then argues that, assuming *Griffith* applies to substantive constitutional protections, *Griffith* does not apply to the instant case because the retroactive application of new rules to criminal cases has followed a trend of expanding the rights of the accused. Defendant cites to the language found in *American Trucking Associations, Inc. v. Smith* (1990), 496 U.S. 167, 110 L. Ed. 2d 148, 110 S. Ct. 2323, where the Supreme Court stated as follows:

> "The Court's analysis in *Griffith* must be understood in context. During the period in which much of our retroactivity doctrine evolved, most of the Court's new rules of criminal procedure had expanded the protections available to criminal

defendants. [Citation.] Therefore, whenever the Court determined that retroactive application of a new rule would be inequitable, the Court was, in effect, according the government's reliance interests more weight than the defendant's interests in receiving the benefit of the rule. [Citation.] *Griffith*'s adoption of a *per se* rule of retroactivity can thus be understood as a rejection of this approach in favor of providing expanded procedural protections to criminal defendants. Under this new theory, any defendant whose conviction had not yet become final should be given the benefit of a new decision regardless of the additional burden this might place on law enforcement authorities." (*American Trucking Associations*, 496 U.S. at 198, 110 L. Ed. 2d at 172-73, 110 S. Ct. at 2341-42.)

Defendant, however, ignores the following language from the same opinion:

"In focusing solely on the pendency of a case before a court rather than on the reliance interests of *either the defendant or the government*, *Griffith* implicitly rejected the rationale of our prior retroactivity doctrine: that new decisions should not be applied retroactively so as to frustrate the expectations of parties who had justifiably relied on prior law." (Emphasis added.) 496 U.S. at 197-98, 110 L. Ed. 2d at 172, 110 S. Ct. at 2341.

We conclude that the Supreme Court did not intend to limit the application of retroactivity only to those cases in which a defendant's rights were expanded. Reliance on prior decisions is no longer the criterion for either defendants or the government. The emphasis now is the same treatment of similarly situated defendants regardless of whether the particular decision to be applied expands or limits the rights of a defendant.

Finally, defendant contends that the application of *Dixon* to her case violates her right to be free from the application of *ex post facto* laws. An "*ex post facto* law" is a "law passed after the occurrence of a fact or commission of an act, which retrospectively changes the legal consequences or relations of such fact or deed." (Black's Law Dictionary 662 (4th ed. 1968).) The prohibitions against such laws apply to new judicial interpretations of statutory law as well as to statutory laws in and of themselves. *People v. Ramey* (1992), 152 Ill. 2d 41, 63.

Defendant's reliance on *Ramey* is misplaced. In that case, the issue was whether Ramey was eligible for the death penalty for having murdered two people while having the mental state of reckless indifference to human life. The murders in question occurred in 1986; however, the trial court relied on *People v. Jimerson* (1989), 127 Ill. 2d

12, in applying the death penalty to Ramey. *Jimerson* was premised on a 1988 amendment to section 9—1(b)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(b)(3)). The supreme court held that in applying *Jimerson* retroactively the trial court violated the prohibition against *ex post facto* laws. The case at bar involves no such amendment to a statute.

Likewise, defendant's reliance on *Bouie v. City of Columbia* (1964), 378 U.S. 347, 12 L. Ed. 2d 894, 84 S. Ct. 1697, is misplaced. In that case, defendants, who were black, sat in a restaurant reserved for whites. However, there was no notice posted that blacks would not be served. Later a "no trespassing" sign was put up. When asked to leave, defendants refused and were arrested. The trespass statute forbids entry on another's property after notice that such entry was forbidden. In upholding the defendants' convictions, the South Carolina Supreme Court construed the statute to cover the act of remaining on the premises after receiving notice to leave.

The United States Supreme Court held that defendant's convictions violated the due process clause of the fourteenth amendment since the trespass statute had not been construed as prohibiting such acts until after their commission. The Court noted that the deprivation of the right of fair warning by a statute of the conduct that it criminalizes can result from either vague statutory language or from an unforeseeable and retroactive judicial expansion of narrow and precise statutory language. An unforeseeable judicial enlargement of a criminal statute operates precisely like an *ex post facto* law. As such, the due process clause barred the State court from achieving the same result as State legislatures were barred from achieving by the *ex post facto* clause. *Bouie*, 378 U.S. at 352-54, 12 L. Ed. 2d at 899-900, 84 S. Ct. at 1702-03.

There is no judicial enlargement of a statute in the case at bar. Defendant does not and cannot allege that her conduct alleged in the charges against her was rendered criminal by the advent of the decision in *Dixon*. In the case at bar, no "law" is involved, rather a judicial construction of a constitutional right.

We conclude, therefore, that the retroactive application of the decision in *Dixon* does not deprive the defendant of equal protection or due process, nor does it subject her to an *ex post facto* law.

The judgment of the circuit court of Kane County is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

McLAREN and BOWMAN, JJ., concur.