637 So.2d 355 (1994)
STATE of Florida, Petitioner,
v.
T. Mitchell DEAN, Respondent.
No. 93-393.
District Court of Appeal of Florida, First District.
June 1, 1994.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellant.
*356 John D. O'Brien of O'Brien & Graham, Chartered, Panama City, for appellee.
ALLEN, Judge.
The state petitioned for discretionary review of an order of the county court dismissing an information charging the respondent with driving under the influence (DUI). In its order the county court certified the following question as one of great public importance:
Is prosecution of a criminal traffic offense barred on grounds of double jeopardy because the defendant has paid a fine for a civil traffic infraction and the state, in order to prove an element of the criminal offense, would prove the same conduct constituting the civil infraction offense?
We accepted jurisdiction pursuant to Florida Rule Of Appellate Procedure 9.160(e)(2). We answer the certified question in the negative.
The respondent was charged by information with one count of DUI. He moved to dismiss the information on double jeopardy grounds because he had previously paid fines for speeding, disregard of a traffic sign and violation of the open container law, all of which arose from the same incident as the DUI charge. He asserted, and the state conceded, that the prosecution would have to prove the conduct involved in the traffic offenses in order to establish his guilt on the DUI charge. Relying on the Supreme Court's decision in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the trial court granted the motion to dismiss, but certified the question we address herein.
In Grady v. Corbin, the Supreme Court barred prosecution for reckless manslaughter, second degree-vehicular manslaughter, criminally negligent manslaughter and other charges stemming from an alcohol-related accident on double jeopardy grounds where the defendant had previously pled guilty to and was convicted of misdemeanor counts of DUI and failing to keep right of the median arising from the same accident. The court held that double jeopardy prohibits "a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Id. at 510, 110 S.Ct. at 2087. However, the Supreme Court subsequently overruled Grady and this specific holding in United States v. Dixon, ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556, (1993), finding that standard "wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." Id. at ___, 113 S.Ct. at 2860. The court reaffirmed and applied the "same elements" test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
Under Dixon, the order of dismissal must be reversed. Because the DUI charge in the instant case requires proof of elements not contained in the previous civil traffic offenses and the civil traffic offenses require proof of elements not contained in the DUI charge, the prosecution for DUI is not barred. ___ U.S. at ___, 113 S.Ct. at 2856-59; see also State v. Coupal, 626 So.2d 1013 (Fla. 2d DCA 1993). Indeed, the respondent has conceded that reversal is mandated.
We answer the certified question in the negative and reverse and remand for further proceedings.
WEBSTER and LAWRENCE, JJ., concur.