644 So.2d 533 (1994)
STATE of Florida, Appellant,
v.
Michael MURRAY, Appellee.
No. 93-2055.
District Court of Appeal of Florida, Fourth District.
September 28, 1994.
Rehearing and Rehearing Denied November 17, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John A. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied November 17, 1994.
STEVENSON, Judge.
The State of Florida asks this court to review a final order of the County Court of Broward County dismissing a driving under the influence (DUI) charge against Michael Murray (appellee). In its order the county court also certified the following questions as being of great public importance:

*534 WHETHER THE DOUBLE JEOPARDY CLAUSE BARS TRIAL OF AN OFFENDER ON A CRIMINAL TRAFFIC OFFENSE WHERE THE OFFENDER HAS PREVIOUSLY ENTERED A PLEA OF GUILTY OR NO CONTEST TO A TRAFFIC INFRACTION ON WHICH THE STATE WILL RELY TO PROVE AN ELEMENT OF THE CRIMINAL TRAFFIC OFFENSE?
WHETHER THE DOUBLE JEOPARDY CLAUSE BARS TRIAL ON AN OFFENDER WHO HAS PREVIOUSLY HAD HIS DRIVING PRIVILEGES SUSPENDED PURSUANT TO § 322.2615?
We accepted jurisdiction pursuant to rule 9.160, Florida Rules of Appellate Procedure. We answer both questions in the negative and reverse.
In February, 1993, appellee was pulled over by a police officer and given a citation for failure to drive within a single lane. He was also arrested for DUI. Appellee pled guilty to the civil traffic infraction and paid the applicable fine. In March, 1993, he was charged by information with one count of DUI pursuant to section 316.193(1), Florida Statutes (1993). Appellee moved to dismiss the information on double jeopardy grounds. Based on the United States Supreme Court decision in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the trial court granted appellee's motion.
In Grady v. Corbin the Supreme Court held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Id. at 521, 110 S.Ct. at 2093. In the instant case, the trial court, relying on Grady, held that to prosecute appellee for DUI would violate double jeopardy principles because the state could not proceed in its prosecution against appellee on the DUI charge without proving that he failed to drive within a single lane. However, after the trial court granted appellee's motion to dismiss and certified the aforementioned questions, the Supreme Court overruled Grady in United States v. Dixon, 509 U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), and returned to the "same elements" test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The "same elements" test focuses the essential inquiry on whether each offense contains a statutory element that is not contained in the other. If each offense has at least one element that the other does not, then the offenses are separate crimes, and double jeopardy does not bar multiple punishment and successive prosecution. Id. at 304, 52 S.Ct. at 182; Dixon, 509 U.S. at ___, 113 S.Ct. at 2856.[1]
Applying Dixon to the facts of this case, it is evident that appellee could be prosecuted for DUI even after pleading guilty to the civil traffic infraction. Because the DUI charge requires proof of elements not contained in the civil traffic infraction and the civil traffic infraction requires proof of elements not contained in the DUI charge, prosecution for the DUI charge is not barred by double jeopardy. The first and fifth districts have reached the same conclusion in similar cases. See State v. Dean, 637 So.2d 355 (Fla. 1st DCA 1994); State v. Knowles, 625 So.2d 88 (Fla. 5th DCA 1993).
Even if appellee may be prosecuted under Dixon for DUI, he argues that the trial court's decision should still be upheld because Dixon should not be applied retroactively. Instead, he suggests, the issues raised sub judice should be resolved based upon Grady, the applicable law existing at the time of his arrest. We disagree.
In Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649, 661 (1987), the Supreme Court established a bright line rule for determining when a new rule should be applied retroactively for the conduct of criminal prosecutions. Specifically, the Court held that a new rule should be "applied retroactively to all cases, state or *535 federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a `clear break' with the past." Id. The Supreme Court of Florida adopted this rule of law in Smith v. State, 598 So.2d 1063, 1066 (Fla. 1992) where it held that "any decision of this Court announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final." See also Fink v. Holt, 609 So.2d 1333 (Fla. 4th DCA 1992).
We find Griffith and Smith to be dispositive of the instant case. Because this case is currently on direct appeal, there is no reason why Dixon should not be applied retroactively. See also People v. Miller, 255 Ill. App.3d 577, 193 Ill.Dec. 449, 626 N.E.2d 759 (1994) (holding that retroactive application of Dixon does not violate a defendant's due process rights); United States v. Cruce, 21 F.3d 70 (5th Cir.1994) (noting that Dixon should retroactively be applied to a direct appeal); State v. Kurzawa, 180 Wis.2d 502, 509 N.W.2d 712 cert. denied, ___ U.S. ___, 114 S.Ct. 2712, 129 L.Ed.2d 839 (1994) (holding that retroactive application returning to Blockburger "same elements" test for double jeopardy questions involving successive prosecutions is valid); State v. Dunsford, 634 So.2d 319 (Fla. 1st DCA 1994) (applying Blockburger test retroactively).
Accordingly, we answer the first certified question in the negative.[2] As for the second question, we agree with our companion courts that double jeopardy is not violated when a person has their driver's license suspended pursuant to section 322.2615, Florida Statutes (1991), and is subsequently brought to trial on a DUI charge. Freeman v. State, 611 So.2d 1260 (Fla. 2d DCA 1992), rev. denied, 623 So.2d 493 (Fla.), cert. denied, ___ U.S. ___, 114 S.Ct. 415, 126 L.Ed.2d 361 (1993); Gomez v. State, 621 So.2d 578 (Fla. 3d DCA 1993). Because the primary purpose of section 322.2615 is to provide an administrative remedy for public protection, and not to punish the offender, a double jeopardy prohibition does not arise. Freeman; Gomez. We therefore answer the second certified question in the negative as well.
Based on the foregoing, this case is hereby reversed and remanded for proceedings not inconsistent with this opinion.
DELL, C.J., and HERSEY, J., concur.
NOTES
[1] The Blockburger "same elements" test was codified in Florida under section 775.021(4), Florida Statutes (1977). See also Borges v. State, 415 So.2d 1265 (Fla. 1982). It essentially remains unchanged today. See § 775.021(4), Fla. Stat. (1993); see also Hurd v. State, 536 So.2d 361 (Fla. 3d DCA 1988).
[2] Even if we did not reverse on the authority of Dixon, we would still be inclined to reverse based on State v. Coupal, 626 So.2d 1013 (Fla. 2d DCA 1993) and State v. Knowles, 625 So.2d 88 (Fla. 5th DCA 1993). In both cases our companion courts held, and we agree, that certain civil penalties imposed for civil traffic infractions (unlawful speed, failure to maintain a single lane, etc.) are not so punitive in nature as to constitute "punishment" for double jeopardy purposes.