STEVENSON, Judge.
We sua sponte consolidate these related appeals. In each case, the trial court certified at least one of the following questions as being of great public importance:
WHETHER THE DOUBLE JEOPARDY CLAUSE BARS TRIAL OF AN OFFENDER ON A CRIMINAL TRAFFIC OFFENSE WHERE THE OFFENDER HAS PREVIOUSLY ENTERED A PLEA OF GUILTY OR NO CONTEST TO A TRAFFIC INFRACTION ON WHICH THE STATE WILL RELY TO PROVE AN ELEMENT OF THE CRIMINAL TRAFFIC OFFENSE?
WHETHER THE DOUBLE JEOPARDY CLAUSE BARS TRIAL ON AN OFFENDER WHO HAS PREVIOUSLY HAD HIS DRIVING PRIVILEGES SUSPENDED PURSUANT TO § 322.2615?
We accepted jurisdiction pursuant to rule 9.160, Florida Rules of Appellate Procedure. Based upon our decision in the recently decided case, State v. Murray, 644 So.2d 533 (Fla. 4th DCA 1994), we answer the certified questions in the negative. Accordingly, we reverse and remand for proceedings not inconsistent with the Murray opinion.
Reversed and remanded.
DELL, C.J., and HERSEY, J., concur.