PER CURIAM.
In each of these cases, the State of Florida asks this court to review a final order of the Dade County Court dismissing the charge of Driving Under the Influence (DUI). The county court, in each instance, certified the following question as being of great public importance:
WHETHER THE DOUBLE JEOPARDY CLAUSE BARS TRIAL OF AN OFFENDER ON A CRIMINAL TRAFFIC OFFENSE WHERE THE OFFENDER HAS PREVIOUSLY ENTERED A PLEA OF GUILTY TO A TRAFFIC INFRACTION ON WHICH THE STATE WILL RELY TO PROVE AN ELEMENT OF THE CRIMINAL TRAFFIC OFFENSE.
We accept jurisdiction pursuant to Rule 9.160, Florida Rules of Appellate Procedure. We answer the certified question in the negative, and reverse. We observe that our sister courts considering this issue have likewise each reached a similar conclusion. State v. Murray, 644 So.2d 533 (Fla. 4th DCA 1994); State v. Dean, 637 So.2d 355 (Fla. 1st DCA 1994); State v. Coupal, 626 So.2d 1013 (Fla. 2d DCA 1993); State v. Knowles, 625 So.2d 88 (Fla. 5th DCA 1993).
The defendant in each of the cases under review was charged with Careless Driving, for which he received a traffic citation, and also charged with DUI pursuant to section 316.193(1), Florida Statutes (1993). Each defendant pled guilty to Careless Driving and paid the standard fine for the citation. Subsequently each filed a Motion to Dismiss the pending DUI prosecution. Each Motion to Dismiss was based upon the argument that as a consequence of the plea to the civil traffic infraction, prosecution for DUI was barred by double jeopardy and Florida Rule of Criminal Procedure 3.151(e). Following argument, the trial court in each case, entered an order granting defendant’s Motions to Dismiss.
As outlined in Murray, Dean, and Knowles, United States v. Dixon, — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) has re-embraced the traditional “Blockbur *292 ger” test. Because the DUI charges in the instant eases require proof of elements not contained in the previous civil traffic offenses and the civil traffic offenses require proof of elements not contained in the DUI charges, the prosecutions for DUI are not barred. — U.S. at —-—, 113 S.Ct. at 2856-69.
Accordingly, the cases under review are reversed and remanded for proceedings consistent with this opinion.