PER CURIAM.
The county court certified two questions to be of great public importance. Pursuant to rule 9.160(e)(2), Florida Rules of Appellate Procedure, we accept jurisdiction.
The questions are:
WHETHER THE DOUBLE JEOPARDY CLAUSE BARS TRIAL OF AN OFFENDER WHO HAS PREVIOUSLY HAD HIS DRIVING PRIVILEGES SUSPENDED PURSUANT TO FLORIDA STATUTES SECTION 322.2615?
and
WHETHER THE DOUBLE JEOPARDY CLAUSE BARS TRIAL OF AN OFFENDER ON A CRIMINAL TRAFFIC OFFENSE WHERE THE OFFENDER HAS PREVIOUSLY ENTERED A PLEA OF GUILTY TO A TRAFFIC INFRACTION ON WHICH THE STATE WILL RELY TO PROVE AN ELEMENT OF THE CRIMINAL TRAFFIC OFFENSE?
We have previously answered both questions in the negative. State v. Blankenship, 642 So.2d 675 (Fla. 4th DCA 1994); State v. Murray, 644 So.2d 533 (Fla. 4th DCA 1994). See also Davidson v. MacKinnon, 656 So.2d 223 (Fla. 5th DCA 1995), review denied, 662 So.2d 931 (Fla.1995).
This case is therefore reversed and remanded for proceedings consistent with this opinion.
DELL and STONE, JJ., and KAHN, MARTIN D., Associate Judge, concur.