COBB, J.
The Volusia County court dismissed pending DUI cases against multiple defendants on the ground of double jeopardy. In each of the cases the defendants, the appellees here, had been arrested for violation of section 316.193, Florida Statutes (1997). The defendants either refused a breath test or were measured as having an unlawful alcohol level. After arrest each defendant was detained in jail for eight hours or more. The driver licenses of the defendants were suspended pursuant to section 322.2615, Florida Statutes (1997), which provides in part:
(l)(a) A law enforcement officer or correctional officer shall, on behalf of the department, suspend the driving privilege of a person who has been arrested by a law enforcement officer for a violation of s. S16.193, relating to unlawful blood-alcohol level or breath-alcohol level, or of a person who has refused to submit to a breath, urine, or blood test authorized by s. 316.1932. (Emphasis added).
The county court has now certified two questions to this court as being of great public importance:
1. Does the suspension of a DUI ar-restee’s driver’s license because of the results of a breath test being in excess of 0.08% constitute punishment by the government thereby barring subsequent prosecution for the crime of DUI?
2. Does either the statutory provision allowing for a DUI arrestee to be held for eight hours after arrest or the policy of the Volusia County Branch Jail requiring that all arrestees be held for 8 hours constitute punishment barring subsequent prosecution of the arrestee for the DUI charge?
The first certified question deals with those defendants who take, and fail, the breath test.[1] We believe that a license *844 suspension in such cases is justified. We agree with Freeman v. State, 611 So.2d 1260 (Fla. 2d DCA 1992), rev. denied, 623 So.2d 493 (Fla.1993), cert. denied, Lindemann v. Florida, 510 U.S. 957, 114 S.Ct. 415, 126 L.Ed.2d 361 (1993), wherein the Second District upheld the DUI convictions of a number of defendant drivers who were stopped and then failed a breathalyzer test. Their licenses were seized by the arresting officer pursuant to section 322.2615, Florida Statutes (1991). These defendants argued that the suspensions of their licenses for the same conduct alleged in the criminal charges for DUI violated the constitutional prohibition against double jeopardy. This argument contends that such roadside license suspensions are punitive in nature, hence jeopardy attached before the state prosecuted them for driving under the influence. This argument was rejected by the Second District, which wrote:
In Florida, it is clear that the purpose of the statute providing for revocation of a driver’s license upon conviction of a licensee for driving while intoxicated is to provide an administrative remedy for public protection and not for punishment of the offender. Smith v. City of Gainesville, 93 So.2d 105 (Fla.1957).
Freeman at 1261; see also State, Department of Highway Safety & Motor Vehicles v. Grapski, 696 So.2d 950 (Fla. 4th DCA 1997).
We note that the holding in Freeman comports with legislative intent as expressed in section 322.2615(14), Florida Statutes (1997) which provides that the disposition of any related criminal proceeding shall not affect a suspension imposed by the Department of Motor Vehicles.
We also answer the second question contrary to the determination by the county court. Section 316.193(9), Florida Statutes (1997), is not unconstitutional in allowing temporary detention of an apparently drunk driver, nor does such detention give rise to any viable claim of double jeopardy by the detainee at any subsequent criminal trial. See County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The practice of detaining an intoxicated driver is to protect that driver and the community from an unreasonable danger imposed by drunken driving. It is a situation analogous to the detention of persons under quarantine orders wherein a threat is posed to the public health and safety. See Varholy v. Sweat, 153 Fla. 571, 15 So.2d 267 (1943). There is no claim or indication in this case that the statute is being arbitrarily enforced in an unconstitutional manner. See Thomas v. State, 583 So.2d 336 (Fla. 5th DCA 1991), approved, 614 So.2d 468 (Fla.1993).
Accordingly, we answer both questions in the negative, reverse the dismissal orders of the county court, and remand for further proceedings consistent with this opinion.
DAUKSCH and THOMPSON, JJ., concur.

. We have no problem with the suspension of a driver's license for refusal to take the test authorized by section 316.1932, Florida Statutes (1997). Our opinion in Davidson v. MacKinnon, 656 So.2d 223 (Fla. 5th DCA), rev. denied, 662 So.2d 931 (Fla. 1995) is dispositive of this point. A refusal to take the test does not constitute criminal conduct nor is it an element of the offense of DUI under section 316.193. See U.S. v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). As we explained in Davidson, the purpose of the potential suspension serves the immediate purpose of obtaining the best evidence of blood alcohol content and the actual suspension serves the long range goal of reducing highway injuries, thereby protecting the public. Such a suspension is considered civil in character, not criminal. Double jeopardy, therefore, is not implicated in any subsequent trial on the criminal charge of DUI.