**Salem**

PETER J. WILD

v.

COMMONWEALTH OF VIRGINIA

No. 1092-92-3

Decided July 26, 1994

COUNSEL

James M. Dungan, Assistant Public Defender (William E. Bobbitt, Jr., Public Defender, on briefs), for appellant.

Marla Lynn Graff, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his conviction of inflicting bodily injury upon a correctional officer while an inmate of a state correctional facility in violation of Code § 18.2-55, Peter J. Wild contends (1) that because the Department of Corrections punished him administratively for the offense, his subsequent criminal trial violated his right against double jeopardy, and (2) that the trial court erred in refusing to strike for cause a member of the venire who stated on *voir dire* that she had worked satisfactorily with the prosecutor in another, unrelated case. We find no error and affirm the judgment of the trial court.

On October 25, 1991, while an inmate at a state correctional facility, Wild struck and injured a corrections officer. The Department of Corrections, after an adjustment committee hearing, placed Wild in isolation for fifteen days and revoked ninety days of his previously earned "good time" credit.

Indicted for causing injury to a corrections officer in violation of Code § 18.2-55, Wild moved to quash the indictment on the ground that the prohibition against double jeopardy precluded his prosecution because he had already been punished administratively for the crime. The trial court denied this motion.

During *voir dire*, both the trial court and counsel questioned the venire. The trial judge asked, "[a]re any of you presently a client of [defense counsel] or do you have—are any of you presently having a matter . . . handled for you by the Commonwealth's Attorney's Office?" The venire responded "No" to both questions. The trial judge then asked whether "[a]ny of [the veniremen] have been a client of either attorney at any time within the last five years." Ms. Woods answered that her daughter had been the victim of a violent crime and that the Commonwealth's attorney had prosecuted the resulting charge two years earlier. The trial judge asked whether this experience would affect her ability to be fair and impartial in the present trial. Ms. Woods responded that it would not.

Defense counsel asked Ms. Woods whether she worked closely with the Commonwealth's attorney and trusted him "in the way he handled [her daughter's] case." Ms. Woods responded that she did. Defense counsel then asked, "[d]o you think it might be fair to you to—if we'd ask you to sit on a case like this where you had to—had to question what is presented by Mr. Moore?" Ms. Woods replied, "I don't know about that. I trust him with the way he did it for mine (inaudible) the case." Defense counsel moved to strike Ms. Woods for cause. The trial court denied the motion, noting that Ms. Woods had stated that she could be fair and impartial.

Wild first contends that because he had been punished administratively for striking the officer, his prosecution for that offense constituted double jeopardy. In support of this position, he cites *United States v. Halper*, 490 U.S. 435 (1989). Wild's reliance upon *Halper* is misplaced. *Halper* did not hold that an administrative disciplinary proceeding renders a subsequent criminal prosecution violative of the prohibition against double jeopardy. Rather, in *Halper*, the Supreme Court addressed the identification of the narrow circumstances in which the imposition of a civil penalty may constitute punishment for purposes of double jeopardy analysis. *Id.* at 447-48.

■ The prohibition against double jeopardy affords three protections. "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161,

165 (1977). The Department of Corrections's administrative hearing was not a judicial proceeding or prosecution and the administrative punishment imposed by prison officials did not render the subsequent judicial proceeding violative of the prohibition against double jeopardy. *See Patterson v. United States*, 183 F.2d 327 (4th Cir.), *cert. denied*, 340 U.S. 893 (1950). In *Patterson*, upon facts paralleling the facts of this case, the Fourth Circuit Court of Appeals held:

> Criminal prosecution for the crime of escape is not prohibited under the double jeopardy clause of the Fifth Amendment because a convict guilty thereof has upon his recapture been subjected to discipline by the prison authorities for the violation of prison discipline involved.

*Id.* at 328.

■ The purpose of the administrative disciplinary hearing was to maintain order in the correctional facility. Its purpose was to determine whether correctional facility rules had been broken and to maintain institutional order, rather than to prosecute criminal conduct. It was not intended to vindicate or punish the crime against the injured officer. *See also United States v. Newby*, 11 F.3d 1143, 1145-46 (3d Cir. 1993).

■ Wild next contends that *voir dire* examination demonstrated reasonable doubt whether Ms. Woods was free from partiality and prejudice. We disagree. It is the trial court's duty, in the exercise of judicial discretion, "to empanel jurors who are free from bias or prejudice against the parties and who 'stand indifferent in the cause.' " *Barrette v. Commonwealth*, 11 Va. App. 357, 359, 398 S.E.2d 695, 696 (1990). The impartiality of a juror is a factual issue best determined by the trial court whose decision will be set aside only for plain error. *Hall v. Commonwealth*, 12 Va. App. 198, 217, 403 S.E.2d 362, 374 (1991). The trial court properly explored the possibility of Ms. Woods's bias. Ms. Woods repeatedly declared that she intended to be fair, that she had no interest in the outcome of the case, that she had not pre-formed an opinion as to Wild's guilt or innocence, and that she would base her decision altogether on the law and the evidence. The isolated response upon which Wild relies provides no basis for finding error in the trial court's ruling and in fact fails to support a finding of bias.

For these reasons, we affirm the judgment of the trial court.

*Affirmed.*

Benton, J., and Koontz, J., concurred.