## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

David Tench

March 22, 1995

Case No. CF95-42911

By Judge James E. Kulp

This matter is before the Court on the defendant's plea of double jeopardy. The defendant's argument is that the suspension of his operator's license, when his blood alcohol content was .12 percent, pursuant to the provisions of Va. Code § 46.2-391.2, prevents his subsequent trial on driving while under the influence, based on double jeopardy grounds. First, the defendant argues that the seven-day suspension of his operator's license was a punishment, and accordingly, he cannot be punished a second time. The Court finds that the license suspension is not a punishment. Senate Joint Resolution No. 172 (1989), which set up the body to study the administrative revocation of a person's operator's license, clearly shows the legislative concern for the safety of the motoring public. The Court finds no evidence that the legislature adopted each and every comment in Senate Document No. 8, published in 1990. Additionally, in the case of *Pritchard v. Battle*, 178 Va. 455 (1941), the Virginia Supreme Court clearly held that the purpose of an administrative suspension of a person's operator's license was not to punish the offender, but to remove from the highways an operator who is a potential danger to other highway users. This Court finds no evidence that the legislature of Virginia abandoned this long held view when it enacted the provisions of § 46.2-392.2 and other sections.

The Court finds the cases of *United States v. Halper*, 490 U.S. 435 (1989); *Austin v. United States*, 113 S. Ct. 2801 (1993); and the *Department of Revenue of Montana v. Kurth Ranch*, 114 S. Ct. 1937 (1994), are inapposite and do not dictate a different view. In *Halper*, the United States

Supreme Court found that when a civil sanction was so extreme and was so divorced from the Government's damages and expenses, it could constitute punishment for double jeopardy purposes. The *Austin* case involved the Eighth Amendment's prohibition against excessive fines and has no applicability to the Fifth Amendment double jeopardy provisions. The *Kurth Ranch* case held that taxes may be barred under the double jeopardy clause if they are so excessive as to be removed from the normal taxing scheme, so as to be a criminal fine in disguise. The Court finds that the seven-day suspension, as provided by the Virginia Statutes, is clearly not excessive so as to constitute punishment.

The Court further finds that the administrative suspension of the operator's license does not constitute a prosecution for double jeopardy purposes. In *Wild v. Commonwealth*, 18 Va. App. 716 (1994), the Court of Appeals held that the administrative hearing by the Department of Corrections was not a judicial proceeding or prosecution, violative of the prohibition against double jeopardy. If the administrative action in *Wild*, of placing the inmate in isolation for fifteen days and a loss of ninety days good time, is not a prosecution, *a fortiori*, the license suspension in this case cannot constitute a prosecution for double jeopardy purposes.

The Court further finds that the license suspension under Virginia Statutes does not violate due process. The Court finds that the procedure in Virginia for license suspension meets all the requirements of due process, as outlined by the United States Supreme Court in *MacKey v. Montrym*, 443 U.S. 1 (1979).

In every reported case of which the Court is aware, or which has been brought to the Court's attention, save two cases, the administrative suspension of an operator's license under statutes similar to Virginia have been found not to involve any double jeopardy violations. See *State v. Strong*, 605 A.2d 510 (Vt. 1992); *State v. Nichols*, 819 P.2d 995 (Ariz. App. 1991); *Freeman v. State*, 611 So. 2d 1260 (Fla. App. 1992); *State v. Murray*, 644 So. 2d 533 (Fla. App. 1994); *State v. Maze*, 825 P.2d 1169 (Kan. App. 1992); *Butler v. Department of Public Safety*, 609 So. 2d 790 (La. 1992); *Johnson v. State*, 622 A.2d 199 (Md. App. 1993); *Ellis v. Pierce*, 282 Cal. Rptr. 93 (Cal. App. 1991).

The lower court opinion in the State of Florida, in the case of *Wilbur Riley*, did find that there was a double jeopardy violation. However, that case conflicts with rulings by the Florida Court of Appeals and now, in the Court's view, has no value. The case in Ohio, *State v. Gustafson*, is presently on appeal.

For the reasons the Court has previously stated, this Court finds that the defendant's plea of double jeopardy should be denied.