## CIRCUIT COURT OF ARLINGTON COUNTY

Commonwealth of Virginia

v.

Jacobson

### Case No. CR-95-967

Commonwealth of Virginia

v.

Kirik

### Case No. CR-95-972

### June 19, 1995

BY JUDGE WILLIAM L. WINSTON

The defendants' Motions to Dismiss prosecutions for driving under the influence of alcohol raises issues of Double Jeopardy, Collateral Estoppel, and Law of the Case. The defendants contend that the application of Va. Code § 46.2-391.2 to the facts of their cases requires the granting of the motion on double jeopardy grounds, and if not, under the facts of their cases, on estoppel or law of the case grounds.

The motion is denied on all the theories upon which it is grounded. The defendants rely primarily on the Supreme Court cases of *United States v. Halper*, 490 U.S. 435 (1989), and *Montana v. Kurth Ranch*, 114 S. Ct. 1937 (1994). These cases are factually inapplicable to these cases. *Halper* involved an excessive civil penalty and *Kurth Ranch* a drug tax which bore no reasonable relation to the civil purpose it was intended to serve.

The Court of Appeals of Virginia has not addressed the issue raised in this case in the context of the suspension of a motor vehicle driver's license prior to a trial for driving while under the influence. It has, however, overruled a double jeopardy plea where a prisoner had been the

object of an administrative hearing. The prisoner was tried for causing injury to a corrections officer. He raised his double jeopardy plea because he had been placed in solitary confinement and lost some of his "good time" at a hearing in the institution arising out of the set of facts for which he was on trial for causing injury to the officer. *Wild v. Commonwealth*, 18 Va. App. 716 (1994):

> The purpose of the administrative disciplinary hearing was to maintain order in the correctional facility. Its purpose was to determine whether correctional facility rules had been broken and to maintain institutional order, rather than to prosecute criminal conduct. It was not intended to vindicate or punish the crime against the injured officer.

License suspension has been held over many years to be remedial and in furtherance of public policy. *Prichard v. Battle*, 178 Va. 455 (1941). It is a valid exercise of the police power by the state in removing certain drivers from the highways. An examination of the statute creating the suspension (ALS) shows that it is not punishment. It (the suspension) has an early expiration date which may be accelerated by the motorist who may invoke the provisions of the statutory scheme to regain his driver's permit. The provisions of § 46.2-391.2 are found not to be punishment, but to be remedial.

The Court further finds that there was no separate proceeding under which the defendants could have been placed in jeopardy. Although treated as a civil proceeding and given a case number different from the designation or number of the criminal case, it was nevertheless part of one overall proceeding growing out of one set of facts. At the ALS hearing, the defendant could not be convicted. By statute, the defendants were protected from the use of the evidence developed at that hearing during the trial. The defendants were not in jeopardy at that hearing. That hearing was only a part of the entire statutory mosaic.

The Court denies those portions of the motions based upon collateral estoppel and law of the case. The statute effectively separates the ALS ruling on probable cause from its effect upon the trial. Va. Code § 46.2-391(c).

The Court therefore denies the defendants' motions.