## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

City of Fredericksburg

v.

Stephen P. Eutsler

July 10, 1995

Case No. CR95-116

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether this criminal prosecution for driving under the influence of alcohol is barred by the double jeopardy clauses of the United States and Virginia Constitutions by reason of a previous administrative suspension of the defendant's operator's license.

### Facts

The pertinent facts are not disputed. The defendant was arrested by a city police officer on January 3, 1995, for operating a motor vehicle while under the influence of alcohol. The breath test showed a blood alcohol content of more than 0.08. The defendant was taken before a magistrate. The magistrate issued a warrant, set bail, and suspended the defendant's operator's license for seven days pursuant to Virginia Code § 46.2-391.2. The officer served a Notice of Administrative Suspension on the defendant, took possession of his license, and delivered the license to the magistrate.

Later, the defendant was convicted in the general district court for driving under the influence of alcohol. He appealed to this court and filed a motion to dismiss on the ground of double jeopardy. Counsel have submitted pre-trial memoranda addressing that issue.

### Decision

The 1994 session of the General Assembly enacted § 46.2-391.2, the administrative suspension statute. In a nutshell, the statute provides that a

person arrested for driving under the influence, where the breath test results show a blood alcohol content of 0.08 or where the person refuses to submit to a breath test, shall have his operator's license suspended immediately for seven days.

A number of states have enacted similar administrative suspension statutes, and almost all of the statutes have withstood double jeopardy attacks. Most trial courts that have considered the question in Virginia have rejected the double jeopardy argument, although some have held otherwise. There are as yet no Virginia appellate court decisions on point.

Multiple prosecutions are impermissible. Thus, where there are two proceedings and the first one results in a conviction or acquittal, then the second proceeding is barred by the double jeopardy clause, if both proceedings constitute punishment for the same offenses.

In *United States v. Halper*, 490 U.S. 435 (1989), the defendant was convicted of Medicare fraud. Later, the government instituted a civil action under the False Claims Act seeking civil penalties of $130,000.00. The Supreme Court held that although the second proceeding was "civil" in nature, not a prosecution, such civil sanctions cannot be imposed where they do not approximate the government's actual loss or damage and can be explained only as serving retributive or deterrent purposes. If it cannot fairly be said that such sanctions serve a legitimate remedial purpose, the Court said, they constitute punishment for purposes of the double jeopardy clause.

The *Halper* court summarized its decision:

> We therefore hold that under the double jeopardy clause, a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not be fairly characterized as remedial, but only as a deterrent or retribution.

See also *Montana v. Kurth Ranch*, _____ U.S. _____ (1994).

In Virginia, arguments that administrative license suspensions and revocations are criminal prosecutions have been rejected. *Prichard v. Battle*, 178 Va. 455 (1941); *Deaner v. Commonwealth*, 210 Va. 285 (1969); and *Commonwealth v. Rafferty*, 241 Va. 319 (1991).

In *Wild v. Commonwealth*, 18 Va. App. 716 (1994), the Court of Appeals held that an administrative disciplinary action against a prisoner for assaulting a correctional officer did not bar subsequent prosecution of the prisoner for the assault. The administrative proceeding was to maintain

institutional order, rather than to punish criminal conduct, the Court of Appeals said. The Court rejected the defendant's reliance on *Halper*. The Court stated:

> *Halper* did not hold that an administrative disciplinary proceeding renders a subsequent criminal prosecution violative of the prohibition against double jeopardy. Rather, in *Halper*, the Supreme Court addressed the identification of the narrow circumstances in which the imposition of a civil penalty may constitute punishment for purposes of double jeopardy.

The purpose of the seven-day administrative suspension statute is not to punish the offender but to remove from the highways, at least temporarily, an operator who is a potential danger to other users. See *Prichard v. Battle, supra*. Courts have uniformly recognized the danger to the public posed by drunk drivers and have held that drunken drivers may be removed from the highways under the state's police powers. A brief license suspension, handled administratively in cases where the breath test results show a blood alcohol content of 0.08 or more, is not a prosecution, is not imposition of punishment for criminal behavior, and is not for deterrent or retributive purposes. Instead, it serves a valid and legitimate remedial purpose for the safety of the public.

Therefore, the defendant's license suspension under § 46.2-391.2 cannot be fairly characterized in any meaningful way as punishment. For double jeopardy analysis, he has not been once in jeopardy. Accordingly, the motion to dismiss is denied.