Present:  Carrico, C.J., Compton, Stephenson, Hassell, and Keenan, JJ., Poff, Senior Justice, and Cochran, Retired Justice

JOSEPH M. SIMMONS

OPINION BY
v.  Record No. 951916          CHIEF JUSTICE HARRY L. CARRICO
                                September      13,      1996
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Rudolph Bumgardner, III, Judge

This appeal presents the question whether the trial court erred in holding that neither res judicata nor collateral estoppel[1] bars a court from suspending a person's operator's license for one year for his refusal to take a blood or breath alcohol test when he has already suffered a seven-day administrative suspension for the same refusal.[2]  Finding that the trial court did not err, we will affirm.

The seven-day administrative suspension was made pursuant to Code § 46.2-391.2, which provides in pertinent part that if a person refuses to submit to a breath test in violation of Code § 18.2-268.3, his license shall be suspended immediately for seven days.  Section 18.2-268.3, referred to in § 46.2-391.2, prescribes the procedures to be followed if a person, after having been arrested for driving under the influence, refuses to permit blood or breath samples to be taken for chemical tests to determine the

_____

[1]The defendant in this case uses the term "estoppel by judgment"; however, we prefer the term "collateral estoppel." Bates v. Devers, 214 Va. 667, 671 n.5, 202 S.E.2d 917, 921 n.5 (1974).

[2]Because a charge of unreasonably refusing to submit to a blood or breath test is not criminal but administrative and civil in nature, an appeal lies directly from the trial court to this Court. Commonwealth v. Rafferty, 241 Va. 319, 323-24, 402 S.E.2d 17, 20 (1991).

alcohol or drug content of his blood. Section 18.2-268.4 provides that if a person is found guilty of violating § 18.2-268.3, the court shall suspend his privilege to drive for a period of one year, in addition to the administrative suspension imposed under § 46.2-391.2.

The record shows that on February 16, 1995, the defendant, Joseph M. Simmons, upon his refusal to submit to a blood or breath test, was served with a notice of administrative suspension pursuant to § 46.2-391.2, and his license was "taken" for a period of seven days. He was also charged in a warrant with refusing to permit the taking of a breath sample to determine the alcohol content of his blood. In general district court, the defendant was found guilty as charged in the warrant, and his operator's license was suspended for a period of one year. On a de novo appeal to circuit court, he was again found guilty, and his license was again suspended for a period of one year.

Citing Wright v. Wright, 164 Va. 245, 252, 178 S.E. 884, 886 (1935), the defendant correctly points out that for res judicata to bar the prosecution of a second action, the judgment in the former action must have been rendered on the merits by a court of competent jurisdiction and the parties and the matters in controversy must be the same in the two actions. The defendant also correctly points out that the plea of res judicata and the plea of collateral estoppel, while not identical, "are based upon similar principles of law, namely the conclusiveness of judgments of the Court, and the effect of a judgment as estoppel." The difference between the two pleas, the defendant notes, lies in

what is concluded by the first judgment.  Under res judicata, the first judgment bars the parties and their privies not only from relitigating the issues actually determined but also from litigating those that might have been determined; under collateral estoppel, only those issues actually litigated and determined are concluded.  Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974).

Here, the defendant argues that "the issue is the same, namely that the defendant refused to take the breath or blood test."  That issue, the defendant opines, "has already been decided by a Court of competent jurisdiction" in the form of the administrative suspension of his license for seven days.  Therefore, the defendant concludes, the administrative suspension "is res judicata and estoppel and the Commonwealth should be estopped from taking a person's Operator's License for twelve months for refusing to take a breath or blood test after having taken the Operator's License administratively for seven days for the same act."

The difficulty with the defendant's argument is that by his own statement of the doctrines of res judicata and collateral estoppel, the establishment of a prior judgment rendered by a court of competent jurisdiction is a condition precedent to the allowance of any plea in bar asserting either doctrine.  Yet, by no stretch of the imagination can it be said that an administrative suspension of an operator's license for failure to take a blood or breath test is a judgment rendered by a court of competent jurisdiction.  What is involved is neither more nor less

than the term administrative suspension implies, an administrative act, not a judgment by a court of competent jurisdiction.

Accordingly, we hold that the suspension by the trial court of the defendant's operator's license for one year was not barred by the earlier administrative suspension of the license for seven days, and we will affirm the judgment of the trial court.

<u>Affirmed</u>.