## CIRCUIT COURT OF FAIRFAX COUNTY

Hayes

v.

Hayes

April 28, 1997

Case Nos. (Law) 146146, 158004

BY JUDGE STANLEY P. KLEIN

These matters are before the Court on the Judgment Debtor Dennis Hayes' (Hayes) Amended Motion to Vacate Judgment in Misc. Law No. 85602 and the proposed Orders for payment in the garnishment actions Law Nos. 146146 and 158004. Hayes argues that the judgment entered in this court against him is void because it is predicated upon a judgment of the Circuit Court of Broward County, Florida, which never obtained personal jurisdiction over him. Hayes therefore urges the Court to deny the judgment of the Florida court full faith and credit. For the reasons set forth in this letter opinion, the Amended Motion to Vacate Judgment is denied, and the Orders for Payment will be entered.

## I. *Facts Ascertained from the Record*[1]

Hayes and the Judgment Creditor, Margie (Hayes) Parolisi, were married on April 15, 1967, in Fort Lauderdale, Florida. *See* Judgment Debtor's Exhibit A; Judgment Creditor's Exhibit 1, Petition for Final Dissolution of Marriage. The marriage produced one child, Amber Hayes. *See id.* In July of 1975, Parolisi filed a Petition for Dissolution of Marriage in the 17th Judicial Circuit Court for Broward County, Florida ("the Florida court"). Hayes filed an Answer to the Petition in August of 1975, through his attorney, Stephen B. Monsein, of Monsein & Monsein, Attorneys and Counselors at Law, in Amherst, Massachusetts. *See* Judgment Debtor's Exhibit B; Judgment Creditor's Exhibit 4, Answer of Respondent Dennis J. Hayes. At that time, Hayes resided in Belchertown, Massachusetts.[2] *See* Judgment Creditor's Exhibit 2. On January 26, 1976, a final hearing was set for March 11, 1976. *See* Judgment Creditor's Exhibit 6, Certified copy of Order of the Florida court dated January 26, 1976, setting final hearing date. Notification of the hearing date was sent to Hayes through his attorney, who was furnished with a copy of the order setting the hearing date. *See id.* On February 3, 1976, Mr. Monsein filed a "Disappearance" in the matter.[3] *See* Judgment Debtor's Exhibit C; Judgment Creditor's Exhibit 7. Hayes failed to appear at the final hearing and was not represented by counsel. On March 16, 1976, the parties were divorced pursuant to a Final Judgment of Dissolution of Marriage entered by the Florida court. *See* Judgment Debtor's Exhibit D; Judgment Creditor's Exhibit 8, Final Judgment of Dissolution of Marriage rendered by the Florida court.

In the Final Judgment of Dissolution of Marriage, the Florida court expressly asserted its jurisdiction over the parties and the subject matter and reserved jurisdiction for the purpose of ordering child support for the parties' minor child, Amber Hayes. *See id.* Parolisi then filed a Petition under the Uniform Reciprocal Enforcement of Support Act in the District Court of Hampshire, Northampton, Massachusetts, wherein Hayes was ordered to pay Parolisi child support for Amber Hayes in the amount of $40.00 per week. *See*

---

[1] In a letter dated March 12, 1997, the Court asked that the parties in this matter provide the Court with certified copies of the relevant pleadings and/or docket entries from the underlying Florida case; copies of relevant Florida legal authority; and any documents pertaining to Mr. Monsein's status as a member of the Florida bar. Each of the parties provided the Court with a set of documents in response to this request. These documents are contained in the file and referred to herein as Judgment Creditor and Judgment Debtor exhibits.

[2] Certified copy of Summons issued by the Florida court.

[3] Disappearance filed by Stephen B. Monsein, Esq., dated February 3, 1976.

Judgment Debtor's Exhibit J; Judgment Creditor's Exhibit 11.[4] No child support was forthcoming. In December of 1983, Parolisi located Hayes in Texas and obtained a second order under the Uniform Reciprocal Enforcement of Support Act requiring Hayes to pay child support of $175.00 per month. *See id.* Since January of 1974, Hayes had paid a total of $3,150.00 toward the Court-ordered child support, leaving an arrearage of $27,847.50 as of September 23, 1994. *See id.* On September 29, 1994, a judgment was entered for the full amount of the arrearage plus 12% interest per annum against Hayes by the Florida court. *See* Judgment Debtor's Exhibit L; Judgment Creditor's Exhibit 13, Judgment in Arrears issued by the Florida court.

On December 21, 1994, pursuant to Virginia Code § 8.01-465.3, the Florida judgment was filed in this Court. Parolisi subsequently filed a series of garnishment actions against Hayes, which led to the entry of a series of orders for payment. Under Virginia law, the life of a garnishment summons of 90 days. *See* Va. Code § 8.01-514.

In response to the initial garnishment action, case number L137788, Hayes filed a claim for exemptions in this Court which was heard by Judge Arthur B. Vieregg, Jr. Specifically, Hayes claimed that the garnished amounts were in excess of those authorized pursuant to Virginia Code § 34-9, as amended, that he qualified for the homestead exemption pursuant to § 34-4 of the Virginia Code, and that he qualified for exemption as a single wage earner. No defense of lack of personal jurisdiction of the Virginia or Florida court was asserted. Pursuant to an order dated April 10, 1995, Judge Vieregg denied the exemptions. In ruling against Hayes, Judge Vieregg explicitly relied on the Florida judgment as its validity was a necessary predicate to his ruling. On April 21, 1995, Judge Michael P. McWeeny entered a Final Order for Payment. Five subsequent garnishment actions have been filed by Parolisi against Hayes in this court resulting in five corresponding orders for payment, case numbers L140457; L142888; L149227; L152913; L156412.

Seemingly in response to the latest garnishment action, Hayes filed an Objection to the Entry of Judgment in Misc. L85602, asking the Court to vacate the judgment and arguing, for the first time, that this Court's entry of judgment against him was invalid as the Florida court had lacked personal jurisdiction over him. Motions to Hold Funds were then filed by Hayes in Law Nos. 146146 and 158004. By orders dated March 21 and March 28, 1997, Judge Vieregg ordered that the funds paid over by Hayes's employer be held by the Clerk of this Court pending the ruling on Hayes's Motion to Vacate.

---

[4] Report and Recommendation of the Master and Notice of Filing of Certificate of Service. This document was filed in the Florida court on September 23, 1994.

## II. *Jurisdiction of the Florida Court*

Hayes now contends that Mr. Monsein's filing of an Answer to the Petition for Dissolution of Marriage was ineffective to subject him to the personal jurisdiction of the Florida court. In support of this assertion, Hayes points to Florida Rule of Judicial Administration 2.060 which states that foreign attorneys shall not practice law in Florida unless they are members in good standing of the Florida bar or unless the foreign attorney applies for and receives permission to appear and practice in particular cases. *See also Gelkop v. Gelkop*, 384 So. 2d 195 (Fla. 3d DCA 1980) (holding that court document filed by foreign attorney not admitted *pro hac vice* and not signed by party or member of Florida bar was not an authorized pleading and could not constitute appearance by party on whose behalf it was submitted); *Great S. Trucking Co. v. Std. Wholesale Grocery Co.*, 110 So. 2d 507 (Fla. 3d DCA 1959) (holding that appeal filed by foreign attorney who failed to file permission to appear was subject to dismissal).

Under Virginia law, a duly authenticated judgment of a sister state is *prima facie* evidence of the jurisdiction of the court rendering the judgment. *See Bloodworth v. Ellis*, 221 Va. 18, 24 (1980). Jurisdiction of a sister state's court, wherein a judgment was entered, is presumed unless disproved by extrinsic evidence or the record itself. *See Adam v. Saenger*, 303 U.S. 59, 62 (1938). A party attacking the jurisdiction of a sister state is under a heavy burden to establish lack of jurisdiction, as jurisdiction is presumed proper unless disproved. *See Barber v. Barber*, 323 U.S. 77, 86 (1944). While Hayes may have provided the Court with a legal basis for his position regarding the lack of personal jurisdiction of the Florida court, he has failed to meet his burden in establishing that, in fact, Mr. Monsein failed to apply for and receive permission to appear on his behalf. Hayes has pointed to nothing in the record, other than evidence that Monsein was not a member of the Florida bar, that would indicate that the Florida court lacked personal jurisdiction.[5] To the contrary, the Final Judgment of Dissolution of Marriage specifically states that "this Court has jurisdiction of the parties and the subject matter of this action." *See* Judgment Debtor's Exhibit D; Judgment Creditor's Exhibit 8; Final Judgment of Dissolution of Marriage rendered by the Florida court. This Court declines to accept Hayes's bald assertion through counsel that the trial judge

---

[5] Additional potential bases of in personam jurisdiction (e.g., long-arm jurisdiction) were not even addressed by Hayes.

in Florida ignored the pleadings and the applicable Florida law and incorrectly asserted jurisdiction over Hayes.

Some extrinsic evidence was offered in a hearing before this Court on April 11, 1997, in which Hayes testified that his attorney was not personally authorized by him to file an answer to the Petition for Dissolution of Marriage. He further testified that prior to filing a response, Mr. Monsein informed him that Florida law prevented Mr. Monsein from representing him and that Hayes would have to retain the services of a Florida attorney. Mr. Hayes's testimony that the Answer filed by Mr. Monsein was personally and legally unauthorized is totally unconvincing to this Court. Hayes's testimony failed to include any reasonable explanation of why Mr. Monsein did, in fact, file the Answer knowing that he was authorized neither by his client nor the law of Florida to do so.

### III. *Hayes Position Is Barred by Res Judicata*

The doctrine of *res judicata* also bars Hayes from now asserting that the Florida court lacked personal jurisdiction and that, consequently, the judgment entered against him is a nullity. The doctrine of *res judicata* is designed to end litigation and to protect litigants from harassment. *See Waterfront Marine Const., Inc.*, 251 Va. 417, 431 (1996). A plea of *res judicata* will be sustained if the prior adjudication was between the same parties or their privies and a valid final judgment was entered which resolved the claim on its merits. *Bates v. Devers*, 214 Va. 667, 670-71 (1974); *accord, Simmons v. Commonwealth*, 252 Va. 118, 475 S.E.2d 806 (1996) (discussing doctrine's preclusive effect on subsequent litigation providing that judgment in first action is rendered by court of competent jurisdiction and matters in controversy are identical). A plea of *res judicata* bars parties from subsequently litigating not only issues actually determined, but those that *could have* been determined in the prior litigation. *Id.* at 807; *Bates v. Devers*, 214 Va. at 670-71 (1974).

The underlying policy and rationale of *res judicata* is particularly applicable to this case. The causes of action in this case and the original garnishment proceeding are identical in that they involve the same parties, the same garnishee, and are predicated upon the same underlying judgment. Judge Vieregg's order of April 10, 1995, denying Hayes's claim of exemption from garnishment and Judge McWeeney's final Order for Payment definitively resolved the legal controversy between the parties. Hayes had a full and fair opportunity to litigate the jurisdictional issue in the first garnishment proceeding before this Court.

Hayes's claim that his lack of legal representation in the first garnishment hearing and his lack of awareness that the Florida court lacked personal jurisdiction over him constitute "new facts" which alter his rights and defeat the effect of *res judicata* is simply without merit. The facts underlying the judgment have been without change from September 29, 1994, to the present. Hayes's fluid conception of the law as applicable to these facts in no way constitutes a "new fact" that would bar the preclusive effect of *res judicata* on his untimely assertion concerning the lack of personal jurisdiction of the Florida court.

Because Hayes has failed to defeat the legal presumption of the validity of a judgment of a sister state and because *res judicata* bars his belated attack on the validity of the underlying judgment, the Amended Motion to Vacate Judgment is denied. Accordingly, the Court enters the Orders for Payment in Law Nos. 146146 and 158004.