## CIRCUIT COURT OF STAFFORD COUNTY

Commonwealth of Virginia

    v.

Christopher M. Eddy


Commonwealth of Virginia

    v.

Ian Hohman

December 2, 1997

BY JUDGE JAMES W. HALEY, JR.

Counsel for Defendant argues that an administrative suspension of a commercial driver's license for driving while intoxicated pursuant to Code § 46.2-391.2 constitutes a double jeopardy or collateral estoppel bar to subsequent prosecution of that offense.

The basis of this argument involves the definition of "conviction" set forth in Chapter 3, Article 6.1, "Commercial Driver's Licenses," in Code § 46.2-341.4, which by its terms includes for alcohol related offenses "an administrative determination of a violation."

However, Code § 46.2-341.4, the definitional section, states that: "The following definitions shall apply to *this article* . . ." (Emphasis supplied.) Accordingly, and because of this statutory limitation, definitions there contained do not apply to other articles, such as Chapter 7, Article 2, "Crimes Involving Health and Safety," which includes the prohibition against drunk driving contained in Code § 18.2-266. A "conviction" under the former Article thus cannot be considered a bar to prosecution under the latter Article.

In addition, though dealing with non-commercial driver's licenses, the same argument was rejected in *Tench v. Commonwealth,* 21 Va. App. 200, 462 S.E.2d 922 (1995); *Simmons v. Commonwealth,* 252 Va. 118, 475 S.E.2d 806 (1996); and *Brame v. Commonwealth,* 252 Va. 122, 476 S.E.2d 177 (1996).

In light of the foregoing, the pleas of double jeopardy and collateral estoppel are overruled.