COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


JUDITH ADELE PLOTKIN
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0085-98-4      JUDGE NELSON T. OVERTON
                                        OCTOBER 13, 1998
FAIRFAX COUNTY DEPARTMENT OF
 FAMILY SERVICES AND MICHAEL RICHEY


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      David T. Stitt, Judge

          John M. DiJoseph (Kavrukov, Mehrotra &
          DiJoseph, L.L.P., on briefs), for appellant.

          Louise M. DiMatteo, Assistant County Attorney
          (David P. Bobzien, County Attorney; Robert
          Lyndon Howell, Deputy County Attorney;
          Dennis R. Bates, Senior Assistant County
          Attorney, on brief), for appellee Fairfax
          County Department of Family Services.

          Corrine N. Lockett (Marcia M. Maddox, on
          brief), for appellee Michael Richey.



     Judith A. Plotkin (Plotkin) appeals an order of the Circuit

Court for the County of Fairfax (trial court) removing her

children pursuant to Code § 16.1-278.2.  She contends on appeal

that: (1) the trial court's order is void due to res judicata

arising from the decision of a Department of Social Services

(DSS) review officer, (2) the trial court erred by admitting the

testimony of Rabbi Jack Moline and Louis Hofheimer and (3) the

removal of her children violated Plotkin's rights under the

Rehabilitation Act of 1973, 29 U.S.C.A. § 794 (1998)

---
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(Rehabilitation Act) and the Americans with Disabilities Act, 42 U.S.C.A. § 12101-12212 (1995) (ADA).[1]  One of the appellees, Michael Richey (Richey) asks that he recover attorney's fees and costs of appeal.  For the following reasons, the trial court's order is affirmed, and Richey's request for attorney's fees is denied.

## I.  Facts

We view the evidence in the light most favorable to the party prevailing below, in this case the Fairfax County Department of Family Services (DFS).  See Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).  So viewed, the record reveals that on January 29, 1997, DFS obtained an Emergency Removal Order pursuant to Code § 16.1-251 for Plotkin's three children:  Abby, Daniel and Bracha Plotkin.  The juvenile court, ex parte, removed the children on the basis of an affidavit submitted by DFS detailing the alarming conditions of the Plotkin household.  The affidavit described physical and verbal abuse of all the children, the presence of a menagerie of reptiles, insects and arachnids living free in the home, filthy living conditions and a lack of food preparation by Plotkin for the children.  Abby, the eldest child, had drug and alcohol problems which caused frequent conflict with Plotkin to

---

[1]Plotkin also claims that the removal violated her rights to substantive due process under the United States Constitution. Because she failed to preserve this objection for appeal, we decline to consider it.  See Knight v. Commonwealth, 18 Va. App. 207, 216, 443 S.E.2d 165, 170 (1994) (citing Rule 5A:18).

such an extent that Plotkin had evicted her from the home.

On April 11, 1997, the juvenile court held a dispositional hearing pursuant to Code § 16.1-278.2. The parties stipulated the facts contained in the affidavit were true. Therefore, the juvenile court found the children had been abused and neglected within the meaning of Code § 16.1-228. Abby was placed in the custody of DFS, and Bracha and Daniel were given to Richey, their natural father. Plotkin appealed the order to the circuit court pursuant to Code § 16.1-296.

While these proceedings continued, Plotkin also asked for review of DFS's initial report. Accordingly, on October 21, 1997, DSS held an administrative review hearing of DFS's findings regarding Plotkin's treatment of her daughter Abby. The other children were not addressed by the review. The DFS report had found Plotkin guilty of "Founded-Physical Neglect/Inadequate Shelter-Level 3" and "Founded-Physical Abuse-Level 1." Commissioner Carlson downgraded the abuse charge to Level 2 and changed the neglect/inadequate shelter charge to "unfounded."

On December 1, 1997, the trial court held a hearing de novo. Plotkin argued the trial court was bound by Commissioner Carlson's findings and, therefore, the issue of neglect was res judicata. She also asserted that the removal of her children violated her rights under the ADA and Rehabilitation Act. The trial court denied all her motions. DFS presented two witnesses: Rabbi Jack Moline and Louis Hofheimer. Moline testified he last

saw the Plotkin family about five years ago at temple.  He testified the children were unkempt and out of control and Plotkin was verbally abusive to them.  He described one occasion when Plotkin disciplined Bracha by tripping her with a cane.

Louis Hofheimer testified that he had known Abby for the four or five years preceding and that she was emotionally unstable.  He also testified he saw Plotkin yelling at her children.  Plotkin objected to the relevance of the witnesses but then stipulated that "the evidence which would be submitted by the Department would prove by a preponderance of the evidence that all of the children are abused and/or neglected within the meaning of Virginia Code Section 16.1-228."  The trial court entered an order affirming the juvenile court.

## II.  Res Judicata

Plotkin asserts that principles of collateral estoppel and res judicata should have barred the trial court's order.  She reasons that the DSS administrative hearing officer was an adjudicative body and the officer's order was tantamount to a finding that Plotkin's children were not neglected.  We disagree with her argument on both points.

While there are several kinds of procedural bars encompassed by the term res judicata, see Bates v. Devers, 214 Va. 667, 670-72, 202 S.E.2d 917, 920-21 (1974), all share a common prerequisite:  the allegedly preclusive judgment must have been rendered on the merits by a court with competent jurisdiction.

- 4 -

See, e.g., American Surety Co. v. White, 142 Va. 1, 12, 127 S.E. 178, 181 (1925); Highsmith v. Commonwealth, 25 Va. App. 434, 439-40, 489 S.E.2d 239, 241 (1997). Without a judgment from such a court, a plea of res judicata, in any form, must fail.

Under Plotkin's definition of res judicata, DSS administrative officers appointed pursuant to Code § 63.1-248.6:1 are, themselves, a court. We decline to adopt this definition. A DSS administrative hearing, which lacks due process guarantees, enforcement power or even an impartial adjudicator, is not a court. See Simmons v. Commonwealth, 252 Va. 118, 120, 475 S.E.2d 806, 807 (1996) (holding that "by no stretch of the imagination" can an administrative act be considered a judgment rendered by a court of competent jurisdiction). We hold that the DSS hearing was not a court of competent jurisdiction for purposes of a res judicata plea.

### III. Testimonial Evidence

"The admission of evidence is left to the broad discretion of the trial judge. However, if evidence has probative value, it is normally admissible and should be excluded only when its probative value is outweighed by policy considerations which make its use undesirable in the particular case." Farley v. Commonwealth, 20 Va. App. 495, 498, 458 S.E.2d 310, 311 (1995). Rabbi Moline testified that he saw the children abused and they looked neglected. His testimony was certainly relevant because this abuse and neglect was the central issue of the trial. That

his testimony was stale may have weakened it, but did not make it inadmissible as a matter of law. Similarly, Louis Hofheimer's intermittent contact with the Plotkin family did not make his statements inadmissible. We hold that the trial court was within its discretion when admitting their testimony into evidence.

### IV. Rehabilitation Act and ADA

Plotkin also claims that the removal constitutes discrimination under the Rehabilitation Act and the ADA. The Rehabilitation Act prohibits discrimination against a "qualified individual with a disability" by "any program or activity receiving Federal financial assistance." 29 U.S.C.A. § 794(a). The ADA also provides that a person with a disability not "be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C.A. § 12132. Therefore, assuming DFS is covered under the acts, Plotkin was required to make out a prima facie case of discrimination for her claim to be considered.

The two acts overlap significantly, and the courts and Congress have established the same "substantive standards for determining liability." Myers v. Hose, 50 F.3d 278, 281 (4th Cir. 1995). The first element of a prima facie case under either act is proof that the plaintiff has a disability. See, e.g., Doe v. University of Maryland Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995); Gates v. Rowland, 39 F.3d 1439, 1445 (9th Cir. 1994). If Plotkin did not demonstrate that she "(i) has a physical or mental impairment which substantially limits one or

more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment," then her claim fails.  Id. (citing 29 U.S.C.A. § 708(8)(b)).

Plotkin claims her impairment is "multiple chemical sensitivity."  Unfortunately, she has failed to provide any evidence substantiating the nature of this ailment or the disability resulting from it.  The record does not contain a medical report, doctor's testimony or even layman's testimony verifying Plotkin's diseased condition.  As an appellate court we are bound by the record before us.  Because that record contains not a scintilla of evidence supporting Plotkin's assertion of disability, we hold that she failed to make out a prima facie case under the acts.

## V.  Attorney's Fees

Because we do not feel the circumstances of this appeal warrant it, Richey's request for an award of attorney's fees is denied.

We hold that the trial court committed no reversible error by removing the Plotkin children from the custody of their mother.  Therefore, the order doing so is affirmed.

Affirmed.