COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


WILLIAM M. KENISON

MEMORANDUM OPINION[*] BY
v.    Record No. 1688-97-4        JUDGE RUDOLPH BUMGARDNER, III
                                   FEBRUARY 23, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

J. Burkhardt Beale (Boone, Beale, Cosby &
Long, on brief), for appellant.

John H. McLees, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


William M. Kenison appeals his jury conviction for driving under the influence in violation of Code § 18.2-266. He argues that this conviction is double jeopardy because he was subjected to an administrative license suspension. He further argues that the administrative and criminal penalties were separate and distinct punitive proceedings for the same act. Finding no error, we affirm the defendant's conviction.

The defendant was arrested for driving under the influence. A magistrate suspended his license administratively for seven days pursuant to Code § 46.2-391.2. The defendant moved to dismiss the criminal warrant arguing it was a violation of his right not to be placed in double jeopardy. The trial court

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

denied his motion, convicted him, and imposed a fine and suspension of his privilege to drive.

The defendant contends that Code § 19.2-294 barred his prosecution for driving under the influence because the administrative license suspension had subjected him to a prior adjudication.  Brame v. Commonwealth, 252 Va. 122, 476 S.E.2d 177 (1996), decides this point.  In Brame, the Supreme Court held that an administrative license suspension did not trigger the protections of Code § 19.2-294.  The Court concluded that double jeopardy protections only applied to criminal proceedings and that the administrative revocation procedure was not a criminal proceeding.  See id. at 130-31, 476 S.E.2d at 183.

The first revocation was an administrative proceeding.  A subsequent criminal trial for driving under the influence could not be a subsequent conviction that would come within the bar of Code § 19.2-294 or the Double Jeopardy Clause of the Fifth Amendment.  Hudson v. United States, 118 S. Ct. 488 (1997), held that the Fifth Amendment did not bar a criminal prosecution that followed administrative proceedings which were civil, not criminal in nature.  The case overruled United States v. Halper, 490 U.S. 435 (1989), as unworkable.

Though the defendant acknowledges the magistrate's license suspension was a civil proceeding, he argues that the suspension was a conviction for purposes of Code § 19.2-294.  He cites the definition of "conviction" in Code § 46.2-341.4 that specifies the term includes administrative revocations within its meaning.

However, the section makes clear that the definition is limited to Article 6.1 of Title 46.2, the Virginia Commercial Driver's License Act.

The defendant also argues that the administrative and criminal suspensions were separate and distinct punitive proceedings arising out of the same conduct. However, parallel administrative and criminal proceedings are not separate judicial proceedings. An administrative suspension "is not a judgment by a court of competent jurisdiciton." Simmons v. Commonwealth, 252 Va. 118, 120-21, 475 S.E.2d 806, 807 (1996). See Wild v. Commonwealth, 18 Va. App. 716, 446 S.E.2d 626 (1994) (punishment of same conduct, first at Department of Corrections administrative disciplinary hearing and then subsequent judicial proceeding, upheld).

Finally, the defendant argues that the seven-day administrative suspension was excessive because he had a commercial driver's license. Code §§ 46.2-341.26:2(D) and 46.2-341.26:3(C) prescribe a twenty-four hour suspension of a driver's commercial license. If the magistrate erred, the defendant's recourse was to appeal that action not to assert it as a bar to the subsequent criminal charge.

Concluding that the trial court did not err, we affirm.

Affirmed.