Present:  Carrico, C.J., Compton, Stephenson, Whiting,[1] Lacy, Hassell, and Keenan, JJ.

KIRWAN & COMPANY, P.C.

v.  Record No. 941657     OPINION BY JUSTICE HENRY H. WHITING
                                   September 15, 1995

WILMA PELLETIER-BAKER, ETC.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

This is an appeal from a final judgment in favor of the defendant in an action to collect an account.  The plaintiff, Kirwan & Company, P.C. (Kirwan), claims that the circuit court erred in sustaining a plea in bar based upon the defenses of res judicata and collateral estoppel filed by the defendant, Wilma L. Pelletier-Baker, also known as Wilma Pelletier (Baker).  Counsel stipulated that the evidence in support of the plea is reflected in a written statement of facts and in the defendant's earlier-filed motion for summary judgment with exhibits attached thereto.

In October 1989, Eckert & Taylor, Ltd., a professional corporation engaged in the practice of public accountancy (Eckert & Taylor), contracted with Baker to provide accounting services under the supervision of Warren W. Taylor, Jr., a certified public accountant, and an employee, officer, director, and shareholder of Eckert & Taylor.[2]  In July 1991, Eckert & Taylor

---

[1]Justice Whiting prepared and the Court adopted the opinion in this case prior to the effective date of his retirement on August 12, 1995.

[2]The record also indicates that on October 17, 1989, Taylor executed another contract apparently modifying the October 7 contract.  The modifications are not material to this appeal.

sued Baker to recover $79,963 in unpaid accounting fees allegedly due under the contract.

On December 27, 1991, Taylor met with the shareholders and president of Kirwan, another professional corporation engaged in the practice of public accountancy, and the parties agreed that Taylor would "join Kirwan when he left [Eckert & Taylor] on January 1, 1992." The minutes of the meeting state that Taylor "expects some accounts receivable which he generated as an employee of Eckert & Taylor, Ltd. to be assigned as he directs." The minutes also indicate that Kirwan would "accept the assignment of various accounts receivable from Eckert & Taylor," which Kirwan would "collect on behalf of Taylor and apply same towards his share of overhead and pay any balance to him as compensation." According to the statement of facts, "[t]he assignment [of Baker's account] to Kirwan is reflected in [the] December 27, 1991 agreement."[3]

In March 1992, Taylor became an officer and director of Kirwan. In June 1992, Eckert & Taylor nonsuited its case against Baker.

Alleging under oath that he was "successor-in-interest" of Eckert & Taylor, "Warren W. Taylor, Jr., t/a Eckert & Taylor, Ltd." sued Baker in December 1992, claiming the sum of $80,531 due "[a]s of September, 1990." Taylor's claim was based upon the

_____
[3]Baker does not question Taylor's authority on behalf of Eckert & Taylor to assign her account to Kirwan.

same claim for unpaid accounting fees asserted in the first action.  At the trial of this case in October 1993, Taylor testified about the damages.  Upon the conclusion of Taylor's case, the court sustained Baker's motion to strike Taylor's evidence on the grounds that he had not "presented sufficient evidence to allow this case to go to the jury" to (1) establish his status as a successor in interest to Eckert and Taylor, and (2) "sustain his burden with respect to proof of damages." Taylor did not appeal this judgment.

In January 1994, Kirwan sued Baker asserting the same claim of $80,531 in unpaid accounting fees.  Baker filed a motion for summary judgment "on the grounds of <u>res</u> <u>judicata</u> and <u>collateral estoppel</u>."  The court denied that motion on the ground that such defenses should be raised in a plea in bar.  Baker later filed such a plea, adopting by reference "the Motion for Summary Judgment and points and authorities in support thereof."

In its final order, the court sustained the plea in bar, finding (1) that Taylor was in privity to Eckert & Taylor since he was a principal in that corporation, (2) that after leaving Eckert & Taylor, Taylor sued Baker for services he rendered to her through Eckert & Taylor alleging that he was a successor in interest to it, (3) that the evidence in Taylor's case was "struck on the grounds that no damages were proven," and (4) that Kirwan could not bring the action "alleging standing as an assignee."  Kirwan appeals.

Kirwan contends that it is not bound by the judgment adverse to Taylor because (1) the account had been validly assigned to it <u>before</u> Taylor filed his action against Baker; therefore, Kirwan, not Taylor, was the only party who could have brought the action against Baker after that assignment, and (2) it is not collecting the judgment solely for Taylor's benefit.  On the other hand, Baker contends that her plea in bar was properly sustained for either of two reasons.  Either Kirwan, as Eckert & Taylor's assignee, is bound by that judgment since Taylor was then in privity with Eckert & Taylor or Kirwan is now in privity with Taylor because Kirwan is collecting the account against Baker solely for Taylor's benefit.  We agree with Kirwan.

Since the claim was assigned by Eckert & Taylor to Kirwan in December 1991, the fact that Taylor was then a principal in Eckert & Taylor and, in the words of Baker, "has appeared three times against Baker represented by the same lawyers in each case," is immaterial to the issues in this case.  Eckert & Taylor was a separate legal entity from Taylor.  Neither Taylor nor Eckert & Taylor owned the claim or was in privity with Kirwan when Taylor filed his action against Baker, a year after the claim had been assigned to Kirwan.  And Kirwan, as the assignee, is not bound by an adverse adjudication against the assignor, <u>after</u> the assignment.  <u>See</u> Restatement (Second) of Judgments § 55(2) (1982) (determination of issues in action by or against either assignor or assignee against third party not preclusive as

to the other of them unless action brought by assignor before assignment).

Further, the fact that any amount collected from Baker will be applied to Taylor's share of the overhead at Kirwan and the balance paid Taylor as compensation does not affect the validity of the assignment. The record indicates that the account was assigned by one corporation to another, both separate legal entities from Taylor, long before Taylor filed and tried his individual action.

And, contrary to Baker's contention, the record does not establish that the assignment's allocation provisions were solely for Taylor's benefit, thus making Kirwan a mere agent and privy of Taylor for the collection of Baker's alleged debt. Kirwan's contractual obligation to apply part of any collection from Baker "toward [Taylor's] share of overhead" does not establish that Kirwan would receive no benefit from those funds. Presumably, the overhead referred to is that which Kirwan would have incurred after Taylor joined the firm, and the record fails to show that Kirwan's allocation of any sums collected from Baker could not have benefitted Kirwan. The burden of showing this lack of benefit is upon Baker, who asserts the bar of res judicata and collateral estoppel. Bernau v. Nealon, 219 Va. 1039, 1043, 254 S.E.2d 82, 85 (1979).

Hence, we conclude that the trial court erred in sustaining Baker's plea in bar. Accordingly, we will reverse the judgment

of the court and remand the case for further proceedings.

<u>Reversed and remanded</u>.