COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Humphreys
Argued by teleconference


CDM ENTERPRISES, INC.,
 T/A COLONIAL HOMES CENTER
                                              OPINION BY
v.    Record No. 0986-99-2          JUDGE ROBERT J. HUMPHREYS
                                            JULY 5, 2000
COMMONWEALTH OF VIRGINIA/
 MANUFACTURED HOUSING BOARD,
 DEFOREST REED AND LINDA REED


            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                  Charles L. McCormick, III, Judge

          Alan T. Gravitt (Gravitt & Gravitt, P.C., on
          brief), for appellant.

          Lisa Rowley, Assistant Attorney General
          (Mark L. Earley, Attorney General; John B.
          Purcell, Jr., Assistant Attorney General, on
          brief), for appellee Commonwealth of
          Virginia/Manufactured Housing Board.

          No brief or argument for appellees Deforest
          Reed and Linda Reed.


     CDM Enterprises, Inc., trading as Colonial Homes Center

(Colonial), appeals from a decision of the Circuit Court of

Halifax County (circuit court) upholding a decision of the

Virginia Manufactured Housing Board (Board).  On appeal, Colonial

contends the circuit court erred in failing to find that the

doctrines of res judicata and collateral estoppel barred recovery.

Colonial further asserts that, in any event, the Board lacked

statutory authority to order payment from the Manufactured

Housing Transaction Recovery Fund (Fund) for violation of a regulation adopted by the Board. For the reasons that follow, we reverse the decision of the circuit court.

I.

On August 1, 1996, Deforest and Linda Reed entered into a contract to purchase a manufactured home from Colonial. The home they purchased was displayed on Colonial's lot with a wooden deck outside the patio doors. At the Reeds' request, Colonial included a deck and set-up and delivery in the contract for the home. The deck used by Colonial for display purposes, which was constructed with untreated lumber, was dismantled and delivered with the home, but was not installed by Colonial.

The Reeds filed a complaint with the Board seeking $1,510.12 from the Fund for the cost of hiring a contractor to install a deck. After holding an informal fact-finding conference, the Board issued a decision finding Colonial liable to the Reeds for $500 for its failure to set up and install the deck. The order, styled DeForest and Linda Reed v. Colonial Homes Center and Don Woodward, President, also provided that if Colonial failed to pay that sum to the Reeds, payment would be made from the Fund. Payment from the Fund to satisfy this "judgment" would result, by operation of law, in the revocation of Colonial's license to sell manufactured housing in the

-

Commonwealth.[1] Colonial filed a timely appeal of the Board's decision to the circuit court, pursuant to the Virginia Administrative Process Act. See Code § 9-6.14:1, et seq. That appeal was styled CDM Enterprises, Inc., t/a Colonial Homes Center v. Virginia Manufactured Housing Board and DeForest Reed and Linda Reed.

While the appeal of the Board's decision was pending in the circuit court, Linda Reed filed suit against Colonial in the General District Court of Halifax County (general district court) seeking damages in the amount of $2,000. Among the items for which recovery was sought was $1,510.12 for the cost of hiring a contractor to construct and install the deck.

Linda Reed's case was heard in general district court on January 4, 1999. After hearing evidence, including testimony from an employee of the Board, the judge "determined that [Colonial] was not responsible to repair or build a new deck." The judge then took the matter under advisement until February 8, 1999, to give Colonial time to make certain repairs to the Reeds' home. While the matter was still pending in general district court, counsel for the Board wrote a letter to

---

[1] Under Code § 36-85.32, once the Board rules in favor of a claimant, the regulant has thirty days to pay the claim. If the claim is not paid within that period of time, the claimant is paid out of the Fund. The regulant's license is then suspended until the regulant reimburses the fund for the money paid to the claimant. See Code § 36-85.33.

the clerk of the general district court requesting that she advise the judge that the appeal of the Board's decision was pending in the circuit court. The general district court entered an order dismissing the case on February 8, 1999. Linda Reed did not appeal the court's ruling.

On March 2, 1999, Colonial filed a motion to dismiss in the circuit court, citing the resolution of the matter in the general district court and the finality of that judgment. The circuit court denied the motion to dismiss and upheld the finding of the Board and its authority to direct payment to the Reeds for Colonial's failure to install the deck.

## II.

Colonial argues on appeal that under the doctrines of res judicata and collateral estoppel, the finding of the general district court and its dismissal of Linda Reed's action barred any recovery through the appeal pending in the circuit court.

Res judicata and collateral estoppel, though similar, are distinct legal doctrines. "'Res judicata is a judicially created doctrine founded upon the considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties.'" Highsmith v. Commonwealth, 25 Va. App. 434, 439, 489 S.E.2d 239, 241 (1997) (citation omitted). Res judicata, which literally means a "matter adjudged," precludes relitigation of a cause of action once a final

-

determination on the merits has been reached by a court of competent jurisdiction.  See id.  Collateral estoppel, by contrast, bars relitigation of the same issue of fact in a different cause of action.  See Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 921 (1974); In Re Ansari, 113 F.3d 17, 23 (4th Cir. 1997).

In the present case, we have identical causes of action, that is, the Reeds' claims against Colonial for compensatory damages for its failure to install the deck.  Accordingly, res judicata is the appropriate doctrine to be applied.

A person seeking to assert res judicata as a defense must establish that in both actions there was an identity of:  (1) the remedies sought; (2) the cause of action; (3) the parties; and (4) the quality of the persons for or against whom the claim is made.  See Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 618, 376 S.E.2d 787, 789 (1989).  The asserting party must also establish that "the judgment in the former action [was] rendered on the merits by a court of competent jurisdiction." Simmons v. Commonwealth, 252 Va. 118, 120, 475 S.E.2d 806, 807 (1996).  Finally, the judgment relied upon must be final, and a judgment is not final for res judicata purposes if it is being appealed.  See Faison v. Hudson, 243 Va. 413, 419, 417 S.E.2d 302, 305 (1992).

Here, the general district court's dismissal of the suit after considering evidence and with a specific finding that

-

Colonial was not liable for the installation of the deck was a judgment on the merits that became final twenty-one days after its entry by the court on February 8, 1999.  At that time, the decision of the Board was not yet final by virtue of the appeal of its decision pending in the circuit court.

The Board argues that the doctrine of res judicata is inapplicable because there was no identity of parties in the two actions.  The parties to the case then pending in the circuit court were Colonial, the Board, and the Reeds.  The parties in the case decided in the general district court were Linda Reed and Colonial.

The doctrine of res judicata applies not only to the actual parties in a case but also to those in privity with them.  See City of Virginia Beach v. Harris, 259 Va. 220, 229, 523 S.E.2d 239, 243 (2000).  In other words, res judicata applies to anyone "'so identified in interest with [a party] that he represents the same legal right, precisely the same question, particular controversy, or issue.'"  Johnson, 7 Va. App. at 618, 376 S.E.2d at 788 (citation omitted).

Applying this standard, we find that Deforest Reed, though not a party in the suit in general district court, was in privity with his wife, insofar as the claim that was decided in that case is concerned.

Colonial argues that the Board was likewise in privity with Linda Reed with respect to the issues decided on the merits in

-

the general district court.  Colonial contends the Board "acted like a party" in that proceeding because an employee of the Board testified as a witness on behalf of Linda Reed and counsel to the Board sent a letter to the clerk of the general district court requesting that she apprise the judge of the pending case in circuit court.

We disagree with this reasoning.  The Board in exercising its regulatory authority did not share the rights or remedies available to the Reeds.  That fact did not change merely because a Board employee testified as a witness and its counsel corresponded with the court.  See Unemployment Comp. Comm'n v. Harvey, 179 Va. 202, 210, 18 S.E.2d 390, 393-94 (1942) (holding that an employer's interest in, presence at, and participation in a hearing on her former employee's claim for unemployment benefits did not render the employer a party to that proceeding).

It remains to be decided whether the doctrine of res judicata is applicable where the parties or their privies in one case represent a subset of the parties in another case.  We find that it is, insofar as the parties common to both cases are concerned.  "'[T]he naming of additional parties does not eliminate the res judicata effect of a prior judgment so long as . . . the party against whom the doctrine is asserted was a party to the former litigation.'"  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d

-

244, 249 (9th Cir. 1992) (quoting Dreyfus v. First Nat'l Bank of Chicago, 424 F.2d 1171, 1175 (7th Cir. 1970)). See Broughton v. Merchants Nat'l Bank of Mobile, 476 So. 2d 97, 102 (Ala. 1985); Waggaman v. Franklin Life Ins. Co., 458 S.E.2d 826, 827-28 (Ga. 1995); 50 C.J.S. Judgment § 848 (1997) (noting that this rule is especially applicable where the additional party to the subsequent action was a "merely formal, nominal or unnecessary" party). Thus, the addition of the Board as a party in the administrative appeal did not affect the preclusive effect of the general district court judgment between Colonial and the Reeds.

The Board notes correctly that if there is no privity between the Board and Linda Reed, the doctrine of res judicata cannot bind the Board to the general district court's decision. Under the facts of this case, however, the fact that the Board was neither a party to the district court proceeding nor a privy of Linda Reed is immaterial.

The Board's authority to seek payment from and discipline Colonial flowed from the rights of the Reeds as claimants. If the Reeds prevailed against Colonial, the Board was responsible for enforcing the "judgment." The Reeds would be paid out of the Fund only if Colonial failed to pay the claim within thirty days. Moreover, recovery from the Fund is conditional on claimants assigning all their rights and claims against the regulant, see Code § 36-85.32(3), and subrogating to the Board

-

all their rights to the extent of payment.  See Code § 36-85.32(4).

Once the general district court judgment became final, the doctrine of res judicata controlled the disposition of any future claim that Colonial was liable to the Reeds for the cost of the deck.

> "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966) (superseded by statute on other grounds); see also Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991) (noting the presumption in favor of the Utah Constr. & Mining rule, absent contrary congressional intent); University of Tennessee v. Elliott, 478 U.S. 788, 797 (1986) (holding that the factual findings of federal agencies functioning in an appropriately judicial capacity enjoy preclusive effect in federal courts); Restatement (Second) of Judgments § 83 (1980); 2 Kenneth C. Davis & Richard J. Pierce, Jr., Administrative Law Treatise § 13.3, at 248-59 (3d ed. 1994).

Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997).  Cf. Zappulla v. Crown, 239 Va. 566, 571, 391 S.E.2d 65, 68 (1990) (ruling that "[b]ecause the [Marine Resources Commission] lacked authority to determine the riparian rights of the parties inter se, its action in granting a permit has no res judicata effect upon the claims asserted in the present case").

-

While the Board was not a party to the judicial proceeding, it could not through its regulatory authority render a decision on an identical claim between other parties that has been precluded by the doctrine of <u>res</u> <u>judicata</u>.[2] This result is consistent with the rationale behind the doctrine of <u>res</u> <u>judicata</u>. Accordingly, the trial court erred when it rejected Colonial's plea of <u>res</u> <u>judicata</u>.

### III.

Because we find that the doctrine of <u>res</u> <u>judicata</u> was applicable to this matter, we need not decide the issue of the scope of the Board's authority to order payment from the Fund for violation of regulations adopted by the Board.

The judgment of the circuit court is reversed, and the case is remanded for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>

---

[2] Once the Board paid the Reeds from the Fund, as assignees of the Reeds, the Board's rights would be no greater than the Reeds'. <u>See</u> <u>Fidelity & Cas. Co. of N.Y. v. First Nat'l Exchange Bank of Va.</u>, 213 Va. 531, 538, 193 S.E.2d 678, 684 (1973) (an assignee has no greater rights than its assignor); <u>but see</u> <u>Kirwan & Co. v. Pelletier-Baker</u>, 250 Va. 238, 241, 462 S.E.2d 89, 90-91 (1995) (an assignee is not bound by an adverse adjudication against the assignor, after the assignment).