# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Harbor Museum, Inc.

v.

Ashland Terminal, Inc.

January 10, 2001

Case No. (Chancery) 32725-EH

BY JUDGE EDWARD L. HUBBARD

This case comes upon the following motions:

Ashland Terminal, Inc., Coal-Mac, Inc., Peabody Terminals, Inc., Pittston Coal Terminal Corp., James River Coal Terminal Company, Inc.: Demurrer alleging (1) instant action barred by res judicata and collateral estoppel; (2) instant action barred by applicable statute of limitations; Special Plea in Bar and Motion to Dismiss alleging instant action barred by res judicata and collateral estoppel.

Peninsula Ports Authority of Virginia: Special Plea in Bar and Motion To Dismiss alleging instant action barred by res judicata and collateral estoppel; Plea of the Statute of Limitations; Demurrer alleging res judicata and collateral estoppel and that Count Four of Plaintiff's Motion for Judgment does not state facts upon which relief can be granted.

Mountaineer Coal Development Company, Inc.: Special Plea of the Statute of Limitations, Special Plea of Res Judicata and Collateral Estoppel, and Demurrer alleging res judicata and collateral estoppel.

The commonality shared by these motions is the claim of res judicata and collateral estoppel. This claim rests on Defendants' assertion that a case filed January 7, 1998, in this court, by a Plaintiff corporation, Peninsula Cruise,

Inc., t/a Harbor Cruise (said case later removed to United States District Court for the Eastern District of Virginia and Harbor Cruise, Inc., was substituted as Plaintiff and Dominion Terminal Associates (DTA) was substituted for the individual companies, not including only Peninsula Ports Authority of Virginia) was based on the same cause of action and issues as alleged and contained in the present Motion for Judgment against the same Defendants by the current Plaintiff which was and is in privity with Harbor Cruise, Inc., and the former case was dismissed on the merits by way of summary judgment for the Defendants in a fifteen-page written opinion by the Honorable Jerome Friedman.

In addition to the Defendants in the current action being the same as named in the 1998 action, the Defendants argue that the named Plaintiff here, Harbor Museum, Inc., was and is in privity with the substituted Plaintiff, in the former action, Harbor Cruise, Inc., satisfying the identity of parties requirement for the application of the doctrines of res judicata and collateral estoppel. The key question for the court became whether Harbor Museum, Inc., the Plaintiff in the current action was in privity with Harbor Cruise, Inc., the Plaintiff in the former action. Copious briefs were filed and oral arguments presented by all parties involved, and on September 18, 2000, testimony was taken by witnesses ore tenus, all on this particular issue.

In *Commonwealth of Virginia ex rel. Gray v. Johnson*, 7 Va. App. 614, 376 S.E.2d 787 (1989), the court, quoting *Nero v. Ferris*, 222 Va. 807, 284 S.E.2d 828 (1981), stated, "there is no fixed definition of privity that automatically can be applied in all cases involving res judicata issues. While privity generally involves a party so identified in interest with another that he represents the same legal right, a determination of who are privies requires a careful examination of the circumstances of each case." In the same case, the court noted, "It is generally held that privity means a mutual or successive relationship to the same rights of property or such an identification in interest of one person with another as to represent the same legal rights." In *CDM Enterprises, Inc. v. Commonwealth of Virginia, Manufactured Housing Bd.*, 32 Va. App. 702, 530 S.E.2d 441 (2000), the court stated that res judicata, "applies to anyone so identified in interest with a party that he represents the same legal right, precisely the same question, particular controversy, or issue."

Whether the Plaintiff in the current action, Harbor Museum, Inc., was in privity with the Plaintiff in the former action, Harbor Cruise, Inc., is answered in the affirmative by this court. Harbor Museum, Inc., was a viable corporation, and had been so since its incorporation in December 1994, at the time the former suit was filed (1998) in the name of Harbor Cruise, Inc. (Peninsula Cruise, Inc., t/a Harbor Cruise, originally). Mr. Edward H. Shield

had acquired the assets of Peninsula Cruise, Inc., later named Harbor Cruise, Inc., the Plaintiff in the former (1998) suit, which assets included a leasehold of parcel 1A and 1B in the Seafood Industrial Park in the City of Newport News (Defendants' Exhibit 4), the property upon which the businesses known as Harbor Cruise, Inc., and Harbor Museum, Inc., were located. Edward Shield was the President, a director, and sole shareholder of Harbor Cruise, Inc., and was a director of the non-stock, non-profit Harbor Museum, Inc. The same individuals who were officers and directors of Harbor Cruise, Inc., were officers and directors of Harbor Museum, Inc. It was established that the Harbor Museum was also called the Monitor-Merrimac Museum and that Mr. Shield was the impetus for the building of the museum and provider of the initial capital outlay and continued funding for the museum. The property upon which Harbor Museum, Inc., operated its business was a portion of the leasehold property held by Harbor Museum and shown in Defendants' Exhibit 4. Edward Shield testified that Harbor Museum held its interest in its parcel as a result of an oral lease between Harbor Museum, Inc., and Harbor Cruise, Inc., negotiated by Mr. Shield with himself and predating the filing of the previous suit by Harbor Cruise, Inc. In a December 21, 1998, deposition in the Harbor Cruise, Inc., suit, Mr. Shield claimed that he, Peninsula Cruise, or Harbor Cruise was the owner of the museum. Also, in the previous suit by Harbor Cruise, Inc., it was alleged in the motion for judgment that the Plaintiff was operating a business on the property in question (identified in Defendants' Exhibit 4) including, but not limited to, a restaurant, a museum, a fishing excursion, and a harbor cruise. In answer to interrogatories in that previous suit, Mr. Shield disclosed he had closed the museum to mitigate damages. Mr. Shield also disclosed that Harbor Museum, Inc., was suffering damages at the time of the previous suit resulting from coal dust which was allowed by the Defendants to injure the property and business of Harbor Museum, Inc., the same damages being suffered by Harbor Cruise, Inc., as a result of the coal dust. It is clear to the court from the testimony of Mr. Shield that no legally valid oral lease existed between Harbor Cruise, Inc., and Harbor Museum, Inc. What existed was the desire of Mr. Shield to profit from his endeavors on the subject property and to that end he established another business (Harbor Museum, Inc.) under a non-profit, corporate form to offer expanded services to the general public. From the description of the control and operation of Harbor Cruise, Inc., and Harbor Museum, Inc., by Mr. Shield, including, but certainly not limited to, the funding and advertising, it appears that these two entities were involved in a joint venture.

This is not a classic case of piercing the corporate veil as Plaintiff laments, but rather an attempt by Defendants to show that two corporate entities were

in privity with one another and certain evidence which could be relevant under other circumstances to seek to establish the personal liability of a shareholder, is relevant here to show that two corporate entities were in privity.

It is obvious to the court from the evidence that Harbor Cruise, Inc., and Harbor Museum, Inc., were controlled and operated by Mr. Shield on the same property toward a common end from a time predating the filing of the original suit by Harbor Cruise, Inc. (substituted as Plaintiff for Peninsula Cruise, Inc.) in 1998. The property rights of Harbor Museum, Inc., were the property rights of Harbor Cruise, Inc. The harm suffered by Harbor Museum, Inc., from the alleged acts of the Defendants in the pending suit was the same harm suffered by Harbor Museum, Inc., as alleged in the previous suit. The fact that the court in the previous case ruled damages to Harbor Museum, Inc., irrelevant in the case is not pertinent here. That ruling was based on the fact that Harbor Museum, Inc., was not named as a party Plaintiff in the suit. To the extent that this tends to establish that Harbor Museum, Inc., was a separate legal entity from Harbor Cruise, Inc., it is evinced in this suit by the obvious fact that Harbor Museum, Inc., brought the suit as Plaintiff. Whether the Plaintiff entity here was in privity with the Plaintiff entity in the previous suit is the question answered by this court in this opinion.

From the evidence, the court has found that the Plaintiff here has such a mutual and successive relationship to the same rights of property as the Plaintiff in the previous suit and such an identification in interest with the Plaintiff in the previous suit as to represent the same legal rights, that privity exists between the two. Harbor Museum, Inc., is so identified in interest with Harbor Cruise, Inc., that with reference to this cause of action, it represents the same legal rights, particular controversy, or issue.

Having found privity between the Plaintiff here and the Plaintiff in the previous suit, the court has further found from the evidence identity of the cause of action and identity of the parties. In addition, the court has found that the previous judgment was rendered by a court of competent jurisdiction over the subject matter and the parties and that judgment was on the merits. The court has further found that while the remedies in this pending suit are somewhat broader than as previously sought, they come within the legitimate purview of the subject matter of the previous suit and could have been therein sought; hence, the court sustains the Demurrers and Special Pleas of the Defendants regarding the application of the doctrine of res judicata and dismisses the Plaintiff's action on the grounds of res judicata.

As discovery in this case was suspended pending further order of the court, with limited discovery allowed for the Demurrers and Pleas requesting dismissal under the doctrines of res judicata and collateral estoppel, the court

makes no ruling at this time regarding the Demurrers and Pleas of the Defendants regarding matters other than res judicata and collateral estoppel.