# COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and O'Brien
Argued by videoconference

JULIA SHELL

v.        Record No. 1385-20-1

THOMAS DAVIS

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
JUNE 29, 2021

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Allison W. Anders (LeeAnne C. Shocklin; Parks Zeigler, PLLC, on
briefs), for appellant.

Charles Hatley (Marcus Mitchell; Melone Hatley, P.C., on brief), for
appellee.

Julia Shell ("wife") and Thomas Davis ("husband") were divorced by the Circuit Court of

the City of Virginia Beach ("the circuit court") on September 7, 2012.  The parties had

previously signed a separation agreement, which was incorporated into the decree of divorce.

The separation agreement required husband to pay spousal support to wife.  On July 8, 2019,

pursuant to a petition for modification by husband, the juvenile and domestic relations district

court ("the J&DR court") found that a material change in circumstances had occurred and on

July 17, 2019, it ordered husband's spousal support obligation be reduced ("the support order"),

effective April 1, 2018.  Because the reduced support obligation was retroactive, the support

order created a significant overpayment by husband.  On November 4, 2019, husband filed a

motion to establish a schedule for repayment of the overages ("motion for overage payments")

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and the J&DR court granted the motion.[1]  Wife appealed to the circuit court, which affirmed the J&DR court.  On appeal, wife argues that the circuit court erred by finding that husband's motion for overage payments was not barred by Rule 1:1, the doctrine of *res judicata*, or Code § 20-107.1.

## I.  BACKGROUND

The parties entered into a written separation agreement, which was affirmed, ratified, and incorporated, but not merged, into their final decree of divorce on September 7, 2012, and which required husband to pay spousal support to wife.

On July 8, 2019, upon a petition by husband for modified spousal support, the J&DR court found that a material change in circumstances had occurred and subsequently ordered husband's spousal support payments be reduced.  The order stated, "[t]otal arrearages and a repayment schedule for the same shall be established on a separate 3-page order . . . to follow this order."[2]  The effective date for the reduced payments was April 1, 2018.  It is undisputed that because the lowered support amount was retroactive, as of the date of the order, husband had overpaid from April 2018 through July 2019.

After entry of the July 8, 2019 order, the J&DR court emailed counsel for both parties and inquired if there were any arrearages.  Wife's counsel responded that there were no arrears, but there were overages.  Counsel for husband did not respond.

Subsequently, on July 17, 2019, the J&DR court entered the support order, reducing husband's monthly spousal support obligation.  The support order stated that "[n]o arrearages exist as of 7-8-19," but did not reference any overages.

---

[1] Although husband's motion was styled in the J&DR court as a "Motion to Amend or Review Order," we refer to it here as a motion for overage payments for ease of reference.

[2] We note that the J&DR court apparently mistakenly used the term "arrearages" when it meant "overage" in its reference to a repayment schedule.

On November 4, 2019, husband filed a motion in which he asked the J&DR court to "set a repayment amount for the overages of spousal support" because "the court [acknowledged] an overpayment but did not set a repayment amount."

On February 21, 2020, the J&DR court found husband had overpaid wife by $28,000 and ordered her to repay him at the rate of $500 a month, which wife appealed to the circuit court. Wife argued that husband's motion for overage payments was barred by Rule 1:1 of the Rules of the Supreme Court of Virginia, the doctrine of *res judicata*, and the statutory language of Code § 20-107.1.

On November 9, 2020, the circuit court held that husband's motion was not precluded by Rule 1:1, *res judicata*, or Code § 20-107.1. The circuit court found that the amount of support overpayments was $15,250 as of November 9, 2020, and that husband was permitted to deduct $500 from his monthly spousal support obligation until it was paid in full. Wife now appeals that judgment to this Court.

## II. ANALYSIS

### A. Standard of Review

"Whether a claim or issue is precluded by *res judicata* principles is a question of law which we review *de novo*." Levy v. Wegmans Food Markets, Inc., 68 Va. App. 575, 579 (2018). We also review the circuit court's application of the Rules of the Supreme Court and its interpretation of the Code of Virginia *de novo*. See Browning v. Browning, 68 Va. App. 19, 24 (2017); Eley v. Commonwealth, 70 Va. App. 158, 162 (2019).

### B. Rule 1:1

Wife argues that Rule 1:1 of the Rules of the Supreme Court of Virginia is a bar to husband's motion for overage payments because the support order was entered on July 17, 2019, and husband did not file his motion until November 4, 2019. Rule 1:1 states that "[a]ll final

judgments, orders, and decrees . . . may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Here, husband did not file his motion for overage payments until well after twenty-one days had passed from entry of the support order.

However, Rule 1:1 does not bar husband's motion because the support order clearly did not dispose of "the entire matter" regarding overages. In Virginia, a "court speaks through its orders and those orders are presumed to accurately reflect what transpired." Rubino v. Rubino, 64 Va. App. 256, 264 (2015) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35 (1997)). A final judgment within the contemplation of Rule 1:1 is one which disposes of the entire action and leaves nothing to be done except the "ministerial superintendence of execution of the judgment." See Super Fresh Food Markets of Virginia, Inc. v. Ruffin, 263 Va. 555, 560 (2002). Although the support order implied that overpayments existed because the lowered support obligation was retroactive, the order did not explicitly state as such, nor did it address repayment. The support order only explicitly addressed payment arrearages, which are distinct and different from overages.

Thus, the support order of the J&DR court not only did not dispose of the issue of support overpayments, it actually created that issue and then left it unresolved. The support order could have disposed of the overage issue, but as it did not, the issue was still pending and unresolved by the support order. Accordingly, the J&DR court retained jurisdiction regarding the issue of overpayments. For these reasons, we find that the circuit court did not err by holding that husband's motion was not barred by Rule 1:1.

## C. Res Judicata

Wife also argues that the doctrine of *res judicata* barred the J&DR court from hearing husband's motion for overage payments because it "arose out of the same conduct, transaction or occurrence" as his previous motion to amend spousal support.

"*Res judicata* and collateral estoppel, though similar, are distinct legal doctrines." CDM Enterprises, Inc. v. Commonwealth, 32 Va. App. 702, 709 (2000). *Res judicata* literally means "a matter adjudged" and it precludes relitigation of a cause of action once a final determination on the merits has been reached by a court of competent jurisdiction. Id. The doctrine can be further divided into two preclusion categories, claim preclusion and issue preclusion. See Levy, 68 Va. App. at 580. Wife argues that husband's motion was barred by claim preclusion.

Rule 1:6 of the Rules of the Supreme Court of Virginia governs claim preclusion and states as follows:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties *on any claim or cause of action that arises from that same conduct, transaction or occurrence,* whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

(Emphasis added).

"Claim preclusion 'bars successive litigation [between the same parties] of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" See Levy, 68 Va. App. at 580 (quoting Brock v. Voith Siemens Hydro Power Generation, 59 Va. App. 39, 45 (2011)).

Here, husband's first claim, which led to entry of the support order, was that he had experienced a material change in circumstances and a modification in his spousal support obligation was warranted. His claim in the motion for overage payments was that the retroactive support order implicitly created overages but it neither established an amount nor a schedule for repayment. Hence, husband requested that the J&DR court enter an order mandating repayment by wife. Husband was not barred by *res judicata* because the grounds for his latter claim were

first created by the support order. Prior to the J&DR court's determination that a material change of circumstances had occurred and its subsequent order reducing husband's spousal support obligation, husband had no claim for repayment from wife. His claim for overages only arose out of the support order that made his reduced payments retroactive; therefore, his claim could not be precluded under the doctrine of *res judicata*. For these reasons, we find that the circuit court did not err in that regard.

## D. Statutory Authority

Wife also argues that husband's motion was statutorily barred because Code § 20-107.1(H) states that any order directing the payment of spousal support *must* address support arrearages. The statute states as follows:

> [A]n order directing the payment of spousal support . . . shall contain the following:
>
>    . . . .
>
> 4. If support arrearages exist, (i) to whom an arrearage is owed and the amount of the arrearage, (ii) the period of time for which such arrearage is calculated, and (iii) a direction that all payments are to be credited to current spousal support obligations first, with any payment in excess of the current obligation applied to arrearages.

Code § 20-107.1(H).

Wife asserts that the support order violated the statute because it did not reference or state any support overages, writing on brief, "[w]hile not specifically referenced within the statute, it is logical that any overages should be addressed in an order of support with similar specificity to that of arrears." In essence, wife asks this Court to interpret the word "arrearages" in Code § 20-107.1(H) to also mean "overages." The circuit court expressly rejected this argument at the hearing, stating, "I cannot read into the statute what you're asking me to read into it, in essence, that the General Assembly meant 'arrears or overages.' That's adding two words that don't exist."

- 6 -

On brief and at oral argument, wife relied on a Virginia Supreme Court case, <u>Reid v. Reid</u>, 245 Va. 409 (1993), to support her argument that husband was precluded from receiving repayment by both our existing caselaw and "clear legislative intent" to the contrary. <u>Reid</u> is inapplicable due to its distinctive differences from the case at hand. In <u>Reid</u>, the circuit court erred by requiring husband to pay wife spousal support after she legally deserted the parties' marriage. <u>Id.</u> at 411 (citing <u>Reid v. Reid</u>, 7 Va. App. 553, 566 (1989)). After the circuit court was found to have erred by granting wife spousal support, the support order was reversed. <u>Id.</u> Husband then filed a motion seeking restitution from wife for $25,000, the amount he had paid in spousal support pursuant to the earlier order. <u>Id.</u> The Supreme Court of Virginia held that the circuit court did not have the authority to order wife to pay husband restitution. <u>Id.</u> at 412.

However, in relevant part, <u>Reid</u> also stated the following regarding Code § 20-112, which governs reopened proceedings in a divorce case:

> The General Assembly did not ignore the possibility of altering spousal support awards retroactively, which would effectively occur if restitution were ordered. *Provision was made for retroactive treatment when "proceedings are reopened to increase, decrease or terminate maintenance and support for a spouse* or for a child," but only "with respect to any period during which there is a pending petition for modification, but [even then] only from the date that notice of such petition has been given to the responding party."

<u>Id.</u> (alteration in original) (emphasis added) (quoting Code § 20-112).

In <u>Reid</u>, husband sought restitution for payments he had made under a spousal support order that was erroneously entered and subsequently vacated. <u>Id.</u> at 411. In contrast, here, a valid and binding spousal support order existed, pursuant to which husband filed a motion for modification as required by statute. <u>See</u> Code § 20-109. Unlike <u>Reid</u>, here, husband's payments

were retroactively modified as permitted by Code § 20-112. There is no evidence that husband failed to meet the requirements of Code § 20-112, and <u>Reid</u> is inapposite.[3]

As an appellate court, we "'construe the law as it is written,' and we are also mindful that '[t]o depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret.'" <u>See</u> <u>Town of Leesburg v. Giordano</u>, 276 Va. 318, 323 (2008) (alteration in original) (first quoting <u>Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake</u>, 218 Va. 696, 702 (1978); then quoting <u>Faulkner v. Town of South Boston</u>, 141 Va. 517, 524 (1925)).

Here, the circuit court correctly found that the plain language used by the General Assembly only requires that support orders address arrearages, not overages. The plain language of the statute establishes that the General Assembly clearly intended for Code § 20-112 to apply to cases precisely like the one before us today wherein proceedings were initiated to decrease spousal support. Where a decrease in spousal support is warranted, the statute clearly allows a retroactive adjustment to support. The language of Code § 20-112 directly contradicts wife's argument that the circuit court's finding was contrary to legislative intent. Because "[o]ur goal in statutory interpretation is to carry out the General Assembly's intent 'as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity,'" we hold that the circuit court did not err when it refused to interpret the term "arrearages" to include "overages." <u>Bailey v. Spangler</u>, 289 Va. 353, 358 (2015) (quoting <u>Board of Supervisors v. Windmill Meadows, LLC</u>, 287 Va. 170, 179-80 (2014)).

---

[3] On brief, wife also cited <u>Ruane v. Ruane</u>, No. 1285-15-2 (Va. Ct. App. Nov. 22, 2016), in support of her proposition that this Court has previously determined that a spouse was "not entitled to actual reimbursement" of overpayments. However, the issue in <u>Ruane</u>—just as in <u>Reid</u>—was whether husband could receive restitution for spousal support payments he had made pursuant to an order that was later found to be erroneous and reversed. In the case at hand, there was no erroneous, reversed support order. Here, husband's payments were made pursuant to a valid separation agreement incorporated into the parties' final decree of divorce. <u>Ruane</u> lacks precedential value and is inapplicable to the present case.

E.  Attorney's Fees

Both parties request an award of attorney's fees for costs incurred on appeal.  Pursuant to our authority as an appellate court "to determine the propriety of an award of attorney's fees for efforts expended on appeal," we find that neither party is entitled to their fee and deny both requests.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996).

III.  CONCLUSION

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.